Jerry L. LINDSEY and John J. Riley, Plaintiffs,

v.

ADMIRAL INSURANCE COMPANY, et al., Defendants.

No. C–91–0412 DLJ.

United States District Court, N.D. California.

Sept. 18, 1992.

John J. Riley, sole practitioner in San Francisco, Cal., for plaintiffs.

Robert A. Ballard of Boornazian, Jensen & Garthe, Oakland, Cal., for defendant Admiral.

Michael A. Barnes of Sonnenschein, Nath & Rosenthal, San Francisco, Cal., for defendant Great American.

Robert K. Lawrence of Bjork, Lawrence, Poeschl & Kohn, Oakland, Cal., for defendant Worldwide.

## ORDER

JENSEN, District Judge.

On October 23, 1991, the Court heard defendant Admiral Insurance Company's ("Admiral") motion to dismiss; defendant Great American Surplus Lines Insurance Company's ("Great American") motion for judgment on the pleadings; defendants Worldwide Insurance Agency, Inc. ("Worldwide") and Security Services Insurance Company, Ltd.'s ("SSIC") motion to extend time to respond to the Second Amended Complaint and to stay discovery; and Worldwide and SSIC counsel's motion to withdraw. John J. Riley appeared on behalf of plaintiffs. Robert A. Ballard of Boornazian, Jensen & Garthe appeared for defendant Admiral. Michael A. Barnes of Sonnenschein, Nath & Rosenthal appeared for defendant Great American. Robert K. Lawrence of Bjork, Lawrence, Poeschl &

Kohn appeared for defendant Worldwide. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court GRANTS defendant Admiral's motion to dismiss; GRANTS defendant Great American's motion for judgment on the pleadings; GRANTS defendants Worldwide and SSIC's motion to extend time to respond to the Second Amended Complaint and to stay discovery; and GRANTS Worldwide and SSIC counsel's motion to withdraw, for the following reasons.

## I. BACKGROUND

This is a diversity action brought against several former insurers of Richardson Security Company, Inc. ("RSCI") alleging breach of contract in failing to honor obligations owed to RSCI as the insured. Plaintiffs bring their claims pursuant to the California direct action statute, see Cal. Ins.Code § 11580, which permits an injured claimant to proceed directly against the policy proceeds to the extent that coverage exists, and as assignees of RSCI's rights against defendants.

The Court has already heard two motions to dismiss and two motions for reconsideration in this action. Thus the procedural and factual background are adequately set forth in the Court's prior Orders. See Jerry L. Lindsey, et al. v. Admiral Ins. Co., et al., Civ. No. 91–0412–DLJ, Orders (N.D.Cal. June 11, 1991 and February 12, 1992). The relevant background for the instant motions is as follows.

Defendants Admiral and Great American are former insurers of RSCI. Admiral was a primary insurer and Great American was a "following form" excess insurer. Thus Great American's policy generally incorporated Admiral's policy language by reference. Both policies were "claims made" policies. For convenience, the Court refers to the two policies collectively as "policy."

On November 18, 1986, two RSCI employees (Kim Berry and Evelyn Bursey) filed Charges of Discrimination against RSCI with the Department of Fair Employment and Housing and the Equal Employ-

ment Opportunity Commission. Berry and Bursey generally alleged that they were subject to verbal sexual harassment from plaintiff Jerry Lindsey, a former RSCI employee. RSCI gave notice of the charges of discrimination to both Admiral and Great American. Berry and Bursey subsequently demanded $50,000 and $25,000 respectively to settle their discrimination claims. RSCI gave notice of these monetary demands to Admiral, which rejected them.

On March 7, 1988 Berry and Bursey filed a complaint ("Berry Complaint") against RSCI and Lindsey in Alameda County Superior Court. The complaint was brought pursuant to California's Fair Employment and Housing Act. Berry Complaint, ¶ 11. Berry and Bursey alleged that RSCI and Lindsey subjected them to verbal and physical sexual harassment. *Id.* ¶ 4. The complaint contains several examples of graphic sexual comments allegedly made by Lindsey. *Id.* ¶¶ 5–7. The complaint alleges that RSCI and Lindsey's conduct "constituted sex discrimination/sexual harassment" and caused Berry and Bursey injuries including embarrassment, distress, aggravation, and humiliation. *Id.* ¶¶ 11–13.

Admiral and Great American both rejected RSCI's tender of defense of the Berry Complaint. The complaint by Berry and Bursey was eventually dropped, but RSCI incurred legal fees defending the action. RSCI assigned to its attorney, plaintiff John Riley, any rights it may have against Admiral and Great American for their refusal to defend the Berry Complaint.

Plaintiffs filed the instant action to recover on the assignment. The Court has granted defendants' various motions to dismiss, and has denied plaintiffs' motion for summary judgment as well as their two motions for reconsideration. The Court dismissed the original Complaint and the First Amended Complaint, with leave to amend. In the Second Amended Complaint, plaintiffs allege claims for breach of contract and bad faith against Admiral and Great American.

Plaintiffs contend that the Berry Complaint imposed upon Admiral and Great American the duty to defend and indemnify pursuant to coverage for personal injury liability. The personal injury liability coverage under the policy provided:

> The [Insurer] will pay on behalf of the Insured those sums which the Insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the Named Insured's business:

> \* \* \* \* \* \*

> Group B the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy[.]

Admiral Policy, "I. COVERAGE P—PERSONAL INJURY LIABILITY" (attached as Ex. 7 to Second Amended Complaint).

Great American and Admiral contend that, as a matter of law, a complaint for sexual harassment does not constitute a claim for "personal injury" as defined in the policy, and thus there could be no breach of contract or bad faith for denial of defense. Admiral now moves to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Because Great American already answered the Second Amended Complaint, Great American moves for judgment on the pleadings under Rule 12(c).

## II. LEGAL STANDARD

The primary objective of the legal system is to obtain a determination on the merits rather than a dismissal based on pleadings. Accordingly, motions to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), are generally viewed with disfavor. The Supreme Court has held that a complaint should not be dismissed unless it appears "beyond doubt" that plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Thus, the question presented by a motion to dismiss is not

whether plaintiff will prevail in the action, but whether plaintiff is entitled to offer evidence in support of his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (citation omitted). Even if the face of the pleadings indicates that the chance of recovery is remote, the Court must allow plaintiff to develop his or her case at this stage of the proceedings. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir.1981). The legal standard for judgment on the pleadings is identical to the Rule 12(b)(6) standard.

## III. DISCUSSION

### A. *Admiral and Great American's motions.*

The central issue framed by these motions is whether Berry and Bursey's complaint for sexual harassment could possibly constitute a claim for "personal injury" as defined in the policy. In California, an insurance company must defend any lawsuit brought against its insured which potentially seeks damages within the coverage of the policy. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 265, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). However, the nature and kind of risk covered by the policy limits the duty to defend. *Dyer v. Northbrook Property & Cas. Ins. Co.*, 210 Cal.App.3d 1540, 1547, 259 Cal.Rptr. 298 (1989). The insurer has no duty to defend the insured against loss of the nature and kind that is not within the coverage of the policy. *Id.*

The policy at issue in this case provides coverage for any "personal injury" arising out of certain enumerated "groups" of "offenses." The enumerated offenses constitute three traditional families of common law torts: (1) false arrest and malicious prosecution; (2) libel, slander, and defamation; and (3) wrongful eviction. In *American Guar. & Liability v. Vista Medical Supply*, 699 F.Supp. 787 (N.D.Cal.1988),

Judge Schwarzer was confronted with similar policy language. Judge Schwarzer held that a sexual discrimination claim under FEHA is not a claim for "personal injury" because it simply is not one of the torts falling within the definition of "personal injury":

> "Personal Injury" is defined in [the] policy as injury "arising out of" one of a number of listed torts, including false arrest, wrongful entry, libel, slander, and invasion of an individual's right of privacy ... This language cannot be construed to cover a claim under the Fair Employment and Housing Act, or a claim under the state equal pay act.

*Id.* at 793. Several other state and federal courts outside of California have held that sexual harassment is not "personal injury" within the standard policy definition. *See, e.g., Omark Industries, Inc. v. Safeco Ins. Co. of America*, 590 F.Supp. 114, 120–21 (D.C.Or.1984); *American & Foreign Ins. Co. v. Church Schools in the Diocese of Virginia*, 645 F.Supp. 628, 633–34 (E.D.Va. 1986); *Nichols v. American Employers Ins. Co.*, 140 Wis.2d 743, 412 N.W.2d 547, 551 (App.1987). Plaintiffs do not cite a single case which holds that a claim for sexual harassment is a covered personal injury risk.

Plaintiffs contend that there is coverage because Berry and Bursey's complaint for verbal sexual harassment sought damages for the publication or utterance of disparaging material. Plaintiffs cite the dictionary definition of "disparaging" as follows: "1. To speak of as unimportant or small; belittle. 2. To reduce in esteem or rank. [ ... to degrade....] The AMERICAN HERITAGE DICTIONARY, Second College Edition." Plaintiff's Memorandum In Opposition To Defendant Admiral's Motion To Dismiss And Defendant Great American's Motion For Judgment On The Pleadings, filed April 14, 1992, at 5 n. 6. Plaintiffs contend that Berry and Bursey's allegations that Lindsey made graphic sexual comments are actually allegations that Lindsey published or uttered disparaging material.

■ To the extent that plaintiffs limit their argument to a contention that the Berry Complaint sought damages for "disparagement," the argument is without merit. The tort of disparagement has a very specific meaning under California law. The term "disparagement" refers to the twin torts of trade libel and slander of title. *Leonardini v. Shell Oil Co.*, 216 Cal. App.3d 547, 572–574, 264 Cal.Rptr. 883 (1989); 5 Witkin, *Summary of California Law*, § 567 at 661 (9th ed. 1988). Both trade libel and slander of title concern damage to property, not reputation, and are not implicated by the Berry Complaint. *Id.*

■ To the extent that plaintiffs argue that the Berry Complaint sought damages for defamation, this argument also is without merit. For there to be coverage, the Berry Complaint must have alleged every necessary element of defamation. *Lunsford v. American Guarantee & Liability Ins. Co.*, 775 F.Supp. 1574, 1578–81 (N.D.Cal.1991). The Berry Complaint fails to allege that Lindsey's graphic sexual remarks were (1) published, (2) untrue, (3) that they impugned Berry and Bursey's integrity, (4) or that they were statements of fact rather than expressions of opinion. The simple fact is that Lindsey's alleged comments may have given rise to a claim for sexual harassment, but the same allegations do not constitute a claim for defamation.

■ The Court concludes that the Berry Complaint could not possibly constitute a covered claim for personal injury under the applicable policy. Admiral and Great American had no duty to defend RSCI for a claim that was not within the coverage of the policy. *See Dyer*, 210 Cal.App.3d at 1547, 259 Cal.Rptr. 298. Thus there can be no breach of contract or bad faith denial of benefits in the absence of a covered claim. Accordingly, the Court will grant Great American's motion for judgment on the pleadings and Admiral's motion to dismiss. Plaintiffs have now had three chances to assert a cognizable claim. Plaintiff's claims against Admiral and Great American suffer from a legal defect that could not be cured through amendment. Accord-

ingly, the Court will dismiss the breach of contract and bad faith claims with prejudice.

**B.** *Motions regarding Worldwide and SSIC.*

■ Counsel for defendants Worldwide and SSIC move to withdraw as counsel pursuant to Local Rule 110–5. Counsel represent that there is a fundamental disagreement between counsel and defendants on matters of strategy, tactics, authority and mutual obligations, such that counsel cannot continue to represent defendants in this action. The Court will grant counsel's motion subject to the condition that subsequent papers may continue to be serve on counsel for forwarding purposes. *See* Local Rule 110–5.

■ It appears that Worldwide and SSIC are corporations or partnerships. Because corporations and partnerships are fictitious persons, Worldwide and SSIC cannot appear *pro per*. Counsel is directed to inform Worldwide and SSIC that they must retain new counsel within thirty (30) days of the filing of this Order. Counsel shall advise Worldwide and SSIC that their failure to retain new counsel or otherwise respond within thirty (30) days of the filing of this Order may result in the entry of default.

The Court will also grant Worldwide and SSIC's motion to stay discovery and to extend the time to respond to the Second Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant Admiral's motion to dismiss plaintiffs' fourth claim (breach of contract) and fifth claim (bad faith) of the Second Amended Complaint is GRANTED;

2. Defendant Great American's motion for judgment on the pleadings as to plaintiffs' sixth claim (breach of contract) and seventh claim (bad faith) of the Second Amended Complaint is GRANTED;

3. Plaintiffs' claims for breach of contract and bad faith against defendants Ad-

miral and Great American are DISMISSED WITH PREJUDICE;

4. Defendant Worldwide and SSIC counsel's motion to withdraw is GRANTED. New counsel shall file a notice of appearance immediately upon being retained;

5. Defendant Worldwide and SSIC's motion to extend time to respond to the Second Amended Complaint and to stay discovery until a reasonable time after new counsel is retained is GRANTED;

6. A status conference is hereby scheduled for Wednesday November 18, 1992 at 8:30 a.m.

IT IS SO ORDERED.