MARGARET H. ANDREWS v. AUGUST RICHARD PETERS, III

No. 422A85

(Filed 29 August 1986)

**Rules of Civil Procedure § 52— findings of fact required upon request—specificity**
When requested, findings of fact and conclusions of law must be made even on rulings resting within the trial court's discretion, and when findings are required, they must be made with sufficient specificity to allow meaningful appellate review.

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 75 N.C. App.

252, 330 S.E. 2d 638 (1985) (*Judge Becton,* with *Judge Whichard* concurring and *Judge Wells* concurring in part and dissenting in part), vacating the order for a new trial on the issue of damages entered 21 December 1983 by *Allsbrook, J.,* presiding in PITT County Superior Court, and remanding the cause for further proceedings.

*James C. Mills for plaintiff appellant.*

*McMullan & Knott by Lee E. Knott, Jr. for defendant appellee.*

EXUM, Justice.

The questions presented on appeal are (1) whether in ruling on a motion for a new trial because of excessive or inadequate damages the trial court, if requested, must make findings of fact and conclusions of law; and (2) if so, whether the findings and conclusions of law made in this case are sufficient. We answer the questions "yes" and "no," respectively, and affirm the Court of Appeals.

I.

This is a civil action for damages for intentional assault and battery, arising from a 27 September 1979 incident in which defendant Peters walked up behind his co-worker, the plaintiff Andrews, at their place of employment and tapped the back of her right knee with the front of his right knee, causing her to fall and dislocate her right kneecap. Andrews seeks compensation for medical expenses, loss of income, permanent disability, pain and suffering, and punitive damages. The trial court submitted the case to the jury on the theory of battery, and the jury returned a verdict in Andrews' favor, awarding her $7,500 in damages.

Andrews moved for a new trial on the issue of damages pursuant to Rule 59(a)(6) and (7) of the North Carolina Rules of Civil Procedure,[1] alleging the award was inadequate, resulted from the

---

1. "Rule 59. . . . (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds: . . . . (6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice; (7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law . . . ."

jury's passion or prejudice, and was not supported by the evidence. Defendant Peters moved under Rule 52(a)(2)[2] that Judge Allsbrook (1) make findings of fact and conclusions of law in ruling on Andrews' Rule 59 Motion for a new trial, and (2) state what amount of damages he would view as sufficient to preclude a new trial.

Judge Allsbrook on 21 December 1983 granted Andrews' Rule 59 motion, set aside the jury's verdict on the issue of damages and ordered a new trial on this issue. Peters subsequently moved under Rules 52(b) and 60(b)(6)[3] that his previous motion be allowed, that the trial court vacate its order and in lieu thereof increase the award to Andrews to an adequate amount not to exceed $25,000. Judge Allsbrook denied this motion on 29 December 1983.

Defendant Peters appealed to the North Carolina Court of Appeals. A majority of the Court of Appeals panel vacated Judge Allsbrook's 21 and 29 December 1983 orders and remanded the case for additional findings of fact in support of his decision on Andrews' Rule 59 motion. Judge Wells dissented on the ground that Rule 52 did not require findings of fact to support a discretionary ruling on a Rule 59 motion. On that issue alone plaintiff appeals to this Court. We affirm the Court of Appeals' decision.

## II.

Andrews offered this evidence of her injuries and damages: Dr. Randolph Williams testified he had treated Andrews after the

---

2. "Rule 52. . . . (a) Findings. . . . (2) Findings of fact and conclusions of law are necessary on decisions of any motion or order ex mero motu only when requested by a party and as provided by Rule 41(b). Similarly, findings of fact and conclusions of law are necessary on the granting or denying of a preliminary injunction or any other provisional remedy only when required by statute expressly relating to such remedy or requested by a party. . . ."

3. "Rule 52. . . . (b) Amendment. Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59."

"Rule 60. . . . (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . . (6) Any other reason justifying relief from the operating of the judgment."

incident complained of for a dislocated kneecap and performed one operation on her knee. His fee was $899.85; the hospital bill was $1,121.50. In March 1981, some six months after Dr. Williams had released Andrews because in his opinion she had reached maximum improvement, Andrews consulted Dr. Harold Vandersea, complaining of pain in her knee, several falls because of weakness in the knee and back trouble. Dr. Vandersea performed two knee operations and finally removed the kneecap. In addition he repaired a ruptured disc in Andrews' back. In his opinion her back condition resulted from her falls, and the knee condition resulted from her September 1979 injury. Dr. Vandersea's bill totaled $2,778; the hospital bill for the operations was $3,062.70. Plaintiff suffered lost wages in the amount of $15,280.65.

After the jury came in with its award of $7,500, Andrews moved for a new trial on the ground of inadequacy of damages and insufficiency of evidence to justify the verdict. The trial court allowed the motion and ordered a new trial on the issue of damages. It entered the following order:

FINDINGS OF FACT:

1. That this matter was originally tried at the 10 October 1983 Civil Session of the Superior Court of Pitt County, North Carolina. That issues were submitted to the jury following the close of evidence in this cause and were answered as follows:

(a) Did the defendant commit a battery upon the plaintiff on September 27, 1979? *Answer:* Yes.

(b) If so, what amount of damages is the plaintiff entitled to recover of the defendant for personal injuries as a result of said battery? *Answer:* $7,500.00.

2. That following the jury verdict and within apt time, the plaintiff filed a motion pursuant to Rule 59 of the North Carolina Rules of Civil Procedure to set said verdict aside and to grant the plaintiff a new trial as to the second issue on the basis that the amount of damages awarded by the jury was inadequate and appeared to have been given under the influence of passion or prejudice; and that the evidence was insufficient to justify the verdict and that the verdict was contrary to law.

3. That the court has thoroughly considered all of the evidence that was given during the course of this trial. That the court has reviewed its notes that were made during the course of the trial. That the court has a distinct recollection of the trial.

4. That the court in its considered discretion is of the opinion that the motion filed by the plaintiff in this cause should be allowed and that the plaintiff should be given a new trial as to the second issue presented to the jury.

CONCLUSIONS OF LAW:

Based upon the foregoing findings of fact, the court does hereby conclude that the court should in its considered discretion grant a new trial to the plaintiff as to the second issue presented to the jury during the trial of 10 October 1983 Civil Session of the Pitt County Superior Court.

A majority of the Court of Appeals began its discussion of the sufficiency of Judge Allsbrook's findings by noting the propositions laid down in *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). In *Worthington* the trial court set aside a jury's award of damages for being excessive and awarded a new trial on this issue. The Court of Appeals reversed on the ground the trial court's order amounted to an abuse of discretion, concluding that the damages awarded by the jury were "clearly within the 'maximum limit of a reasonable range.' . . ." *Worthington v. Bynum and Cogdell v. Bynum*, 53 N.C. App. 409, 412, 281 S.E. 2d 166, 170 (1981). This Court reversed. We held that the ruling of a trial court either granting or denying a motion to set aside a verdict and order a new trial is discretionary with the trial court and should not be disturbed on appeal unless "the record affirmatively demonstrates a manifest abuse of discretion by the [trial] judge." 305 N.C. at 482, 290 S.E. 2d at 602. The Court in *Worthington* rejected the Court of Appeals "broader appellate scrutiny" of such rulings evidenced by that court's application of the standard of whether the verdict was "within the maximum limits of a reasonable range." 305 N.C. at 485, 290 S.E. 2d at 604. The Court said in *Worthington*:

Consequently, an appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by

the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice. We hold that this is not such a case.

305 N.C. at 487, 290 S.E. 2d at 605.

In the instant case the Court of Appeals noted that in *Worthington* neither party made a Rule 52(a)(2) request for findings of fact or conclusions of law. The Court of Appeals read Rule 52(a)(2) to mandate such findings and conclusions even on a discretionary Rule 59 motion to set aside verdicts as being excessive or inadequate when findings and conclusions are requested. The Court of Appeals said, further:

> Once requested, the findings of fact and conclusions of law on a decision of a motion, as in a judgment after a non-jury trial, must be sufficiently detailed to allow meaningful review. *See Coble v. Coble,* 300 N.C. 708, 268 S.E. 2d 185 (1980) (Rule 52(a)(1) ). The trial court's findings of fact are only conclusive on appeal when they are supported by competent evidence. *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149 (1971).

> Here, the trial court made findings of fact in its 21 December 1983 order, but they are not sufficient for a clear understanding of the basis of its decision.

*Andrews v. Peters,* 75 N.C. App. at 258, 330 S.E. 2d at 642.

We agree with these conclusions. As already noted, Rule 52(a)(2) reads in pertinent part: "Findings of fact and conclusions of law *are necessary* on decisions of *any* motion or order *ex mero motu* only *when requested by a party* and as provided by Rule 41(b)." (Emphases added.) The rule refers to decisions of "*any* motion or order." (Emphasis added.) It does not except from its terms orders made within the trial court's discretion. Even discretionary rulings are subject to limited appellate review under the abuse of discretion standard as expounded, for Rule 59 orders, in *Worthington.* Even if not always essential, it is almost always helpful to an appellate court in applying the abuse of discretion standard to a trial court's discretionary ruling, to have the trial court make whatever findings and conclusions it can muster in support of its ruling. In *Worthington* the Court, sustaining the trial court's ruling against an abuse of discretion attack, was able

to point to the trial court's statement in support of its ruling: "I am satisfied that the jury completely disregarded many of my instructions." For these reasons we conclude that, when requested, findings of fact and conclusions of law must be made even on rulings resting within the trial court's discretion.

We also agree with the Court of Appeals that when findings are required, they must be made with sufficient specificity to allow meaningful appellate review. *Quick v. Quick,* 305 N.C. 446, 290 S.E. 2d 653 (1982); *Coble v. Coble,* 300 N.C. 708, 268 S.E. 2d 185 (1980).

The order here really contains no findings in support of the trial court's decision to set aside the damages issue. Nor does it conclude that the damages appear "to have been given under the influence of passion or prejudice," a conclusion which is required under Rule 59(a)(6). Findings, when requested, should be made in support of this ultimate conclusion in order to facilitate meaningful appellate review of an order setting aside the verdict on damages.

That such findings here are essential to meaningful appellate review of the order is illustrated by defendant's contention on appeal in support of his argument that the order constitutes an abuse of discretion. Defendant argued as appellant in the Court of Appeals that the jury heard conflicting medical testimony on the extent of plaintiff's injuries. Dr. Williams testified that he felt plaintiff had had a satisfactory result following surgery he performed in March 1980, had reached maximum improvement, and had suffered a 10 percent permanent physical impairment to her right knee. At that time she had medical expenses totaling $2,021.35 and lost wages totaling $3,714.22. On the other hand, the testimony of Dr. Vandersea tended to show plaintiff had not had a satisfactory result following the surgery by Dr. Williams. Instead she was required to undergo additional surgery, incur additional medical expenses and suffer additional lost wages. Defendant argued, "Obviously the jury chose to believe the testimony of Dr. Williams and to disbelieve the testimony of Dr. Vandersea. That is the proper function of the jury and the trial judge instructed the jury that it could believe all, part, or none of the evidence. The award of $7500 is clearly in line with the testimony of Dr. Williams."

The trial judge in making his discretionary ruling on the adequacy of the damages should have made findings directed toward the state of the testimony before him and the jury on the subject of damages. The trial judge should have, through appropriate findings, made his view of the evidence on damages clear for the purpose of sustaining his ruling. To the extent there was a conflict between the testimony of Dr. Vandersea and Dr. Williams, which version did the trial judge find to be true? If the trial judge concluded there was no conflict in the damages testimony, he should nevertheless have found what he believed to be the extent of plaintiff's losses for the purpose, again, of supporting his ruling. These findings should have been made with the purpose of supporting a conclusion that the damages verdict appeared to have been made under the influence of passion or prejudice.

Such findings leading to the ultimate conclusion are essential in this case to meaningful appellate review even when that review is limited by the abuse of discretion standard.

For the foregoing reasons the decision of the Court of Appeals is

Affirmed.