JENNIFER LOVE CAMPBELL, BY AND THROUGH HER GUARDIAN AD LITEM, DUNCAN A. McMILLAN, MARGARET O. CAMPBELL AND JEFFREY L. CAMPBELL v. PITT COUNTY MEMORIAL HOSPITAL, INC.

No. 133A87

(Filed 2 December 1987)

1. **Damages § 16.1; Rules of Civil Procedure § 59— injury to breech baby—verdict set aside as excessive—no abuse of discretion**

   In an action against a hospital to recover damages resulting from a brain injury suffered by the minor plaintiff during a footling breech birth, the "cold record" did not affirmatively demonstrate a manifest abuse of discretion by

the trial judge in setting aside the verdict of $4,850,000 for the minor plaintiff and ordering a new trial on the issue of the minor plaintiff's damages.

**2. Appeal and Error § 64— appellate court evenly divided—affirmance of Court of Appeals' decision—no precedential value**

Where one member of the Supreme Court took no part in the consideration or decision of this case, and the remaining members of the Court are equally divided on an issue, the decision of the Court of Appeals on such issue is thus left undisturbed and stands without precedential value.

Justice WEBB did not participate in the consideration or decision of this case.

APPEALS by plaintiff-child and defendant of right pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, reported at 84 N.C. App. 314, 352 S.E. 2d 902 (1987), reversing in part and finding no error in part in an order and judgment entered by *Phillips, J.*, on 12 June 1985 in Superior Court, PITT County. On 5 May 1987 we allowed defendant's petition for discretionary review of issues regarding expert witness fees and prejudgment interest which were not before us by virtue of the dissenting opinions. Heard in the Supreme Court 9 November 1987.

*Tharrington, Smith & Hargrove, by John R. Edwards and Burton Craige; Kirby, Wallace, Creech, Sarda, Zaytoun & Cashwell, by Robert Zaytoun, for plaintiffs.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Robert M. Clay, Alene M. Mercer, and H. Lee Evans, Jr.; Poyner & Spruill, by J. Phil Carlton and Susan Nichols, for defendant.*

WHICHARD, Justice.

Plaintiffs brought this action to recover damages for personal injury to Jennifer Love Campbell (plaintiff-child), minor child of Margaret O. Campbell (plaintiff-mother) and Jeffrey L. Campbell (plaintiff-father). They also sought damages for medical expenses for plaintiff-child's care, for loss of plaintiff-child's services, and for mental anguish and trauma to plaintiff-parents.

The complaint originally named Dr. Robert Deyton and Greenville Obstetrics and Gynecology, P.A., Dr. Deyton's professional association, as additional defendants. On 15 March 1985 plaintiffs entered into a settlement with Dr. Deyton and his pro-

fessional association in the sum of $1,500,000.00, leaving Pitt County Memorial Hospital as the sole defendant.

The evidence at trial tended to show that on 30 April 1979 plaintiff-mother was admitted to defendant-hospital for the delivery of a baby. Plaintiff-father accompanied her. Shortly after plaintiff-mother's admission, Dr. Deyton, the attending obstetrician, determined that the baby was in the footling breech, or feet first, presentation. Dr. Richard Taft, plaintiff-mother's treating physician at the time, had told plaintiff-mother earlier that the baby was in a breech presentation, and that if that presentation continued until labor began, the method of delivery would be by Cesarean section rather than vaginally.

By 1:30 p.m. on the date of delivery, both Dr. Deyton and nurses assigned to monitor plaintiff-mother's delivery knew that the baby was in the footling breech presentation. No one informed plaintiff-parents of this fact or its significance, however, and Dr. Deyton proceeded with a vaginal delivery despite the position of the baby.

For several hours prior to delivery, the nurses monitoring the baby, who were employees and agents of defendant-hospital, observed complications which they believed were affecting the condition of the fetus adversely. One nurse expressed some of these concerns to Dr. Deyton, but she did not contact her immediate supervisor or anyone else when Dr. Deyton failed to address her concerns.

The baby's umbilical cord became wrapped around her legs. The baby, plaintiff-child, sustained brain damage due to severe asphyxia from the "entangled cord." Plaintiff-child has cerebral palsy and requires constant care and supervision.

The issues submitted to the jury, and the jury's answers, were as follows:

1. Were plaintiffs, Jennifer Love Campbell and Jeffrey L. Campbell, injured by the negligence of Nurses Cannon and/or Copeland, acting as agents of defendant Pitt County Memorial Hospital, Inc.?

ANSWER: No

2. Were the plaintiffs, Jennifer Love Campbell and Jeffrey L. Campbell, injured by the negligent failure of the defendant, Pitt County Memorial Hospital to insure the plaintiffs['] informed consent ha[d] been obtained?

ANSWER: Yes

3. Were the plaintiffs, Jennifer Love Campbell and Jeffrey L. Campbell, injured by the corporate negligence of the defendant, Pitt County Memorial Hospital, Inc.?

ANSWER: Yes

4. What amount, if any, is plaintiff, Jeffrey L. Campbell, entitled to recover for emotional pain and suffering?

ANSWER: $5,000

5. What amount, if any, is the plaintiff, Jeffrey L. Campbell, parent of Jennifer Love Campbell, entitled to recover?

ANSWER: $1,646,000

6. What amount, if any, is the plaintiff, Jennifer Love Campbell, entitled to recover?

ANSWER: $4,850,000

The trial court allowed defendant's motion for judgment notwithstanding the verdict as to issue three. It found that the awards in issues five and six were excessive, appeared to have been made under the influence of passion and prejudice, and were unsupported by the evidence. As to issue five, an agreed-upon remittitur of $1,000,000 was entered, reducing the award to $646,000. The parties did not agree to a remittitur as to issue six, and the trial court allowed defendant's motion for a new trial on that issue. With the above modifications, and after making an adjustment for plaintiffs' settlement with Dr. Deyton and his professional association, the trial court entered judgment in accordance with the verdict and ordered that defendant pay a portion of plaintiffs' costs. Plaintiffs and defendant appealed.

In defendant's appeal, the Court of Appeals held, *inter alia*, that the trial court erred in submitting issue four to the jury and allowing plaintiff-father to recover $5,000 for emotional pain and suffering. It reversed as to that issue, but otherwise found no er-

ror. Judge Orr dissented "from that portion of the majority opinion imposing a duty on the hospital to insure that a patient's informed consent has been obtained prior to treatment performed by a privately retained physician [issue two]." *Campbell v. Pitt County Memorial Hosp.*, 84 N.C. App. 314, 336, 352 S.E. 2d 902, 914 (1987).

In plaintiffs' appeal, the Court of Appeals declined to disturb the order setting aside the jury's award of $4,850,000 to plaintiff-child on issue six. It reversed the trial court's grant of judgment notwithstanding the verdict on issue three. In light of its disposition of defendant's appeal, it did not reach plaintiffs' remaining arguments. Judge Becton dissented from the majority's refusal to hold that the trial court abused its discretion in setting aside the verdict and ordering a new trial on issue six. *Id.* at 331, 352 S.E. 2d at 911-12.

By virtue of the dissents, plaintiff-child and defendant appealed to this Court as a matter of right. N.C.G.S. § 7A-30(2) (1986). On 5 May 1987 we allowed defendant's petition for discretionary review of two issues, related to expert witness fees and prejudgment interest, which were not before us by virtue of the dissents.

### PLAINTIFF-CHILD'S APPEAL

[1]   The sole issue presented by plaintiff-child's appeal is whether the Court of Appeals erred in failing to find an abuse of discretion in the trial court's grant of defendant's motion to set aside the verdict of $4,850,000 for plaintiff-child and award a new trial as to issue six. We find no error.

We have established a high threshold for appellate intervention in discretionary rulings by trial courts granting or denying motions to set aside verdicts and order new trials. Appellate review "is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E. 2d 599, 602 (1982). The trial court's discretion is "'practically unlimited.'" *Id.*, 290 S.E. 2d at 603 (quoting from *Settee v. Electric Ry.*, 170 N.C. 365, 367, 86 S.E. 1050, 1051 (1915)). A "*discretionary* order pursuant to [N.C.] G.S. 1A-1, Rule 59 for or against a new trial upon *any* ground may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly

shown." *Id.* at 484, 290 S.E. 2d at 603. "[A] manifest abuse of discretion must be made to appear from the record as a whole with the party alleging the existence of an abuse bearing that heavy burden of proof." *Id.* at 484-85, 290 S.E. 2d at 604. "[A]n appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Id.* at 487, 290 S.E. 2d at 605.

The record here reveals no request by plaintiff-child for findings of fact and conclusions of law supporting the trial court's grant of defendant's motion to set aside the verdict and award a new trial on plaintiff-child's damages. Findings and conclusions on such motions, while always helpful to an appellate court, are necessary only when requested by a party. N.C.G.S. § 1A-1, Rule 52(a)(2) (1983); *Andrews v. Peters*, 318 N.C. 133, 347 S.E. 2d 409 (1986). Absent findings and conclusions, our review is informed only by the "cold record," which does not convince us "that the trial judge's ruling probably amounted to a substantial miscarriage of justice." *Worthington v. Bynum*, 305 N.C. at 487, 290 S.E. 2d at 605.

As noted in *Worthington v. Bynum*:

> Due to their active participation in the trial, their first-hand acquaintance with the evidence presented, their observances of the parties, the witnesses, the jurors and the attorneys involved, and their knowledge of various other attendant circumstances, presiding judges have the superior advantage in best determining what justice requires in a certain case.

305 N.C. at 487, 290 S.E. 2d at 605. The presiding judge here had the superior advantage to make the best determination of what justice required in this case. We cannot conclude from the "cold record" that his ruling setting aside the verdict and awarding a new trial on plaintiff-child's damages probably amounted to a substantial miscarriage of justice. Like the Court of Appeals, we thus decline to disturb the ruling.

### DEFENDANT'S APPEAL

[2] The second issue submitted to the jury was: "Were the plaintiffs, Jennifer Love Campbell and Jeffrey L. Campbell, injured by the negligent failure of the defendant . . . to insure that plain-

tiffs['] informed consent ha[d] been obtained?" The sole issue presented of right by defendant's appeal is whether the Court of Appeals erred in upholding the submission of this issue, the allowance of evidence thereon, the instructions thereon, and the failure to grant a directed verdict or to set aside the verdict thereon.

Justice Webb took no part in the consideration or decision of this case. The remaining members of the Court are equally divided on the issue presented, with three members voting to affirm the Court of Appeals and three members voting to reverse. The decision of the Court of Appeals on this issue is thus left undisturbed and stands without precedential value. *Forbes Homes, Inc. v. Trimpi*, 313 N.C. 168, 326 S.E. 2d 30 (1985).

The dissenting opinion dealt only with issue two; thus, only that issue is properly before us as a matter of right. N.C.R. App. P. 16(b). Defendant nevertheless argues that the Court of Appeals erred in reversing the trial court's grant of judgment notwithstanding the verdict on issue three. Even if this argument were properly before us, our affirmance, without precedential value, of the decision of the Court of Appeals on issue two is determinative of the rights of the parties. Thus, arguments relating to issue three become moot and need not be considered. *Foods, Inc. v. Super Markets*, 288 N.C. 213, 227, 217 S.E. 2d 566, 576 (1975). This disposition should not, however, be viewed as indicating our approval of the Court of Appeals' treatment of issue three. *See Blanton v. Moses H. Cone Hosp.*, 319 N.C. 372, 354 S.E. 2d 455 (1987).

The additional issues presented by defendant's appeal by virtue of our allowance of discretionary review are: (1) whether the trial court erred in its computation of prejudgment interest, an issue the Court of Appeals did not address, and (2) whether the Court of Appeals erred in affirming the award of fees to plaintiffs' expert witnesses. We now hold that discretionary review of these issues was improvidently allowed.

Affirmed.

Justice WEBB did not participate in the consideration or decision of this case.