PATRICIA MEDLIN RUSS, AMY S. ROBINSON, TAMELA BROWN, TERILYN L. STAFFORD, SANDRA SIDES, SAUNDRA POWERS, AND DONNA JEFFREYS, PLAINTIFFS V. GREAT AMERICAN INSURANCE COMPANIES, ROYAL INSURANCE COMPANY OF AMERICA AND WILLIAM F. HEDGECOCK, D/B/A TRIAD BUSINESS FORMS, DEFENDANTS

No. COA94-1294

(Filed 19 December 1995)

1. **Insurance § 1084 (NCI4th)— sexual harassment by employer—no "accident"—no coverage under bodily injury insurance policy**

     Since sexual harassment is substantially certain to cause injury to the person harassed, intent to injure may be inferred as a matter of law from the intent to act for the purpose of determining coverage under an insurance policy; thus, under both policies in question, the injuries sustained by plaintiffs as a result of their employer's acts of sexual harassment, as a matter of law, were not "accidents" and thus not bodily injuries caused by "occurrences."

     **Am Jur 2d, Insurance §§ 708-710, 721.**

     **Accident insurance: death or injury intentionally inflicted by another as due to accident or accidental means. 49 ALR3d 673.**

     **Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.**

**2. Insurance § 1084 (NCI4th)— invasion of privacy not alleged in prior action—no recovery against insurer for personal injury**

Neither defendant was obligated pursuant to the personal injury portions of their policies to pay for damages and costs obtained by plaintiffs in their action against their employer for intentional infliction of emotional distress and battery arising out of sexual harassment by the employer, since those torts were not enumerated in the personal injury provisions of the policies; plaintiffs claimed that the employer violated their rights to privacy, which was a tort enumerated in the policy; but in their prior suit plaintiffs neither alleged nor recovered for the invasion of their privacy rights.

**Am Jur 2d, Insurance §§ 708-710, 721.**

**Accident insurance: death or injury intentionally inflicted by another as due to accident or accidental means. 49 ALR3d 673.**

**Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.**

Appeal by plaintiffs from judgment entered 9 May 1994 by Judge James A. Beaty, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 13 September 1995.

*Kennedy, Kennedy, Kennedy & Kennedy, L.L.P., by Annie Brown Kennedy, Harold L. Kennedy, III, Harvey L. Kennedy, and Lauren M. Collins, for plaintiffs-appellants.*

*Cranfill, Sumner & Hartzog, L.L.P., by Richard T. Boyette and Edward C. LeCarpentier III, for defendant-appellee Great American Insurance Companies; and Smith Helms Mulliss & Moore, L.L.P., by J. Donald Cowan, Jr. and Erik Albright, for defendant-appellee Royal Insurance Company of America.*

LEWIS, Judge.

This appeal presents the issue of whether defendant insurance companies are obligated under policies issued by them to pay damages and costs awarded in a judgment obtained by plaintiffs against the insured.

**RUSS v. GREAT AMERICAN INS. COMPANIES**

[121 N.C. App. 185 (1995)]

Defendant Royal Insurance Company of America ("Royal") issued a business liability insurance policy to defendant William F. Hedgecock, d/b/a/ Triad Business Forms ("Hedgecock") for the period of 1 September 1988 to 1 September 1989. Defendant Great American Insurance Companies ("Great American") issued a similar policy for the period of 1 September 1989 to 1 September 1990. On 21 January 1992, all plaintiffs obtained judgments for damages and costs against Hedgecock for intentional infliction of emotional distress resulting from sexual harassment committed by him while all were employed at Triad Business Forms. Plaintiffs Russ, Sides, Stafford, Brown, and Jeffreys also obtained judgments for damages and costs against Hedgecock for battery incident to this sexual harassment.

Both insurance companies refused to represent Hedgecock in the underlying action from which the judgments resulted. On 12 July 1993, plaintiffs filed this declaratory judgment action against both companies and Hedgecock seeking a declaration that the companies are obligated by their policies to pay for damages and costs awarded in the judgment and for costs awarded in order dated 13 November 1992. The case was heard on 11 April 1994 on plaintiffs' motion and defendants' cross-motions for summary judgment. On 9 May 1994, Judge James A. Beaty, Jr. denied plaintiffs' motion for summary judgment and entered summary judgment in favor of defendants Great American and Royal. Plaintiffs appeal.

[1] The central issue in this case is whether the injuries sustained by plaintiffs were bodily injuries covered by the Royal and Great American policies. The Royal policy provides coverage when

> . . . a claim is made or SUIT is brought against an INSURED for BODILY INJURY or PROPERTY DAMAGE caused by an OCCURRENCE to which this coverage applies.

The policy then defines "occurrence," in applicable part, as

> an *accident*, including continuous or repeated exposure to the same conditions, which results in BODILY INJURY . . . *which the INSURED neither expected nor intended to happen.*

(Emphasis added).

The Great American policy provides coverage for "bodily injury" during the policy period and caused by an "occurrence" defined as an

"accident." The Great American policy also contains an exclusion for *"bodily injury . . . expected or intended from the standpoint of the insured."* (Emphasis added).

Neither policy defines "accident." Our Supreme Court has held that when the term "accident" is not defined in an insurance policy, "accident" includes "injury resulting from an intentional act, *if the injury is not intentional or substantially certain to be the result of the intentional act." N.C. Farm Bureau Mut. Ins. Co. v. Stox*, 330 N.C. 697, 709, 412 S.E.2d 318, 325 (1992) (emphasis added). In *Stox*, a store employee (Owens) pushed another employee (Stox) who fell and fractured her arm. The Court held that competent evidence supported the trial court's finding that the injury to Stox was an unintended injury resulting from an intentional act and thus was covered as an "occurrence" or "accident" under the policy. *Id*. The Court also upheld the trial court's conclusion that an exclusion for expected or intended injury did not bar coverage. *Id*. at 706, 412 S.E.2d at 324.

*Stox* dealt, *inter alia*, with coverage for a battery claim. Actions for battery protect against "intentional and unpermitted contact with one's person." *Dickens v. Puryear*, 302 N.C. 437, 445, 276 S.E.2d 325, 330 (1981). The intent required to prove battery is intent to act, i.e., the intent to cause harmful or offensive contact, not the intent to injure. *See* William S. Haynes, North Carolina Tort Law Battery § 4-2(A) (1989) (citing *Andrews v. Peters*, 75 N.C. App. 252, 256, 330 S.E.2d 638, 641 (1985), *aff'd*, 318 N.C. 133, 347 S.E.2d 409 (1986)). Our Supreme Court concluded in *Stox* that the intent to injure was not inherent in Stox's battery complaint. *Stox*, 330 N.C. at 707, 412 S.E.2d at 324.

This case is quite different factually from *Stox*. The injuries sustained by plaintiffs here were the result of sexual harassment. When confronted with this issue, other states have held that acts of sexual harassment are so nearly certain to cause injury that intent to injure can be inferred as a matter of law. *E.g., Continental Ins. Co. v McDaniel*, 772 P.2d 6 (Ariz. Ct. App. 1988); *Greenman v. Michigan Mut. Ins. Co.*, 433 N.W.2d 346 (Mich. Ct. App. 1988). *Stox* supports this approach by stating that an injury that is intentional or *substantially certain to be the result of an intentional act* is not an "accident." *Stox*, 330 N.C. at 709, 412 S.E.2d at 325 (emphasis added).

We took a similar approach in a case concerning whether an insurance policy *exclusion* for expected or intended bodily injuries barred coverage for injuries arising out of sexual molestation of a

RUSS v. GREAT AMERICAN INS. COMPANIES

[121 N.C. App. 185 (1995)]

minor. *Nationwide Mutual Ins. Co. v. Abernathy*, 115 N.C. App. 534, 445 S.E.2d 618 (1994). After citing cases that infer intent to injure in cases of child sexual abuse, this Court held, as a matter of law, that the insured " 'knew it was probable' " that his actions would cause mental and emotional injury to the child because of "the close relationship between an act of child sex abuse and resulting harm to the child." *Id.* at 540, 445 S.E.2d at 621.

We conclude that since sexual harassment is substantially certain to cause injury to the person harassed, intent to injure may be inferred as a matter of law from the intent to act for the purpose of determining coverage under an insurance policy. This inference applies despite the insured's testimony, as here, that he did not intend injury. Thus, under both the Great American and Royal policies, the injuries sustained by plaintiffs as a result of Hedgecock's acts of sexual harassment, as a matter of law, are not "accidents" and thus not bodily injuries caused by "occurrences." In addition, we hold that this inference of his intent to harm applies to Great American's specific *exclusion* for "expected or intended injury" and Royal's limitation in its definition of "occurrence" to accidents resulting in bodily injury *which the insured neither expected nor intended to happen.* Neither policy provides coverage for either the intentional infliction of emotional distress or battery claims.

This inference applies to preclude coverage under both policies even if the jury found intentional infliction of emotional distress based on a level of intent rising to reckless indifference. We reject plaintiffs' argument to the contrary. In order to prevail on a claim for intentional infliction of emotional distress, a plaintiff must prove that the defendant engaged in "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another." *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981). The second element may also be proven by a showing that the defendant acted with "reckless indifference to the likelihood" that his or her acts "will cause severe emotional distress." *Id.* In describing the recklessness standard for showing intent, our Supreme Court stated that a defendant is liable if he " 'acts recklessly . . . in deliberate disregard of a high degree of probability that emotional distress will follow.' " *Id.* at 449, 276 S.E.2d at 333. Given the high probability and substantial certainty that harm will result from sexual harassment, we reject plaintiffs' assertion that the policies cover the judgments against Hedgecock for intentional infliction of emotional distress under a reckless indifference theory.

We also reject plaintiffs' assertion that our courts have refused to infer intent to harm in sexual harassment cases. In support of this argument, plaintiffs cite *Waddle v. Sparks*, 331 N.C. 73, 414 S.E.2d 22 (1992) and *Brown v. Burlington Industries, Inc.*, 93 N.C. App. 431, 378 S.E.2d 232 (1989), *disc. review improvidently allowed*, 326 N.C. 356, 388 S.E.2d 769 (1990). In *Waddle,* our Supreme Court held that a plaintiff had not presented enough evidence showing severe emotional distress to survive summary judgment. *Waddle,* 331 N.C. at 85, 414 S.E.2d at 28. Our holding here is not contrary to *Waddle* or *Brown.* This is not an inference that a plaintiff has actually suffered severe emotional distress as required by the third element of the tort of intentional infliction of emotional distress. Rather, the inference applies to the second element concerning the defendant's intent to cause the distress. Furthermore, we note that neither *Waddle* or *Brown* dealt with the issue of insurance coverage nor dealt with the restrictions of a policy.

[2]    Plaintiffs also argue that they should recover pursuant to the "personal injury" coverage provided in both policies. Plaintiffs' argument for personal injury coverage against both companies is based solely on their claims that Hedgecock violated their rights of privacy. The Great American policy covers damages the insured is legally obligated to pay for personal injury arising from certain enumerated offenses, including the tort for invasion of privacy. Specifically, this policy provides coverage for

> sums the insured becomes legally obligated to pay as damages because of . . . PERSONAL INJURY . . . .

"Personal injury" is defined, in pertinent part, as

> injury, other than "bodily injury", arising our of one or more of the following offenses: . . . e. *Oral or written publication of material that violates a person's right of privacy.*

(Emphasis added).

The Royal policy also covers damages the insured is legally obligated to pay pursuant to claims or suits for personal injury arising from certain enumerated torts, including that of invasion of privacy. Specifically, this policy provides coverage for damages for which the insured is legally liable

> if a claim is made or a SUIT is brought against an INSURED for PERSONAL INJURY . . .

## RUSS v. GREAT AMERICAN INS. COMPANIES

[121 N.C. App. 185 (1995)]

"Personal injury" is defined, in relevant part, as

> injury which arises out of one or more of the following acts committed during the policy period: . . . *invasion of privacy which is the result of a written or spoken statement . . . .*

(Emphasis added).

Courts in other jurisdictions have construed personal injury policy provisions that cover enumerated torts as providing coverage *only if plaintiffs have alleged or recovered for one of the enumerated torts.* These courts have held that sexual harassment is not "personal injury" in such policies. *For e.g. Lindsey v. Admiral Ins. Co.,* 804 F. Supp. 47, 51-2 (N.D. Cal. 1992); *Nichols v. American Employers Ins. Co.,* 412 N.W.2d 547, 550-51 (Wis. Ct. App. 1987); *Hamlin v. Western Nat. Mut. Ins. Co.,* 461 N.W.2d 395, 398 (Minn Ct. App. 1990)). We agree with this approach. In their complaint in this action, plaintiffs request a declaratory judgment that defendants are obligated to pay for damages and costs awarded in the 21 January 1992 judgment and subsequent order against Hedgecock. In that suit, plaintiffs neither alleged nor recovered for the invasion of their privacy rights, an enumerated tort under the policies. Plaintiffs only alleged and recovered for the torts of intentional infliction of emotional distress and battery, torts not enumerated in the personal injury provisions of the policies. Accordingly, neither defendant is obligated pursuant to the personal injury portions of their policies to pay for damages and costs obtained in the 21 January 1992 judgment and 13 November 1992 order against Hedgecock.

For the reasons stated, summary judgment in favor of defendants Royal and Great American is affirmed.

Judges EAGLES and JOHN concur.