BRITT v. HAYES

[140 N.C. App. 262 (2000)]

━━━━━━━━

WILLIAM DONALD BRITT, Plaintiff v. GEORGE DOUGLAS HAYES, Defendant

No. COA99-792

(Filed 3 October 2000)

**Motor Vehicles— road rage—intentional act—assault rather than negligence**

    The trial court did not err by granting summary judgment for defendant in a negligence action arising from a road rage incident where the conduct complained of by plaintiff is more properly characterized as intentional rather than negligent, but plaintiff failed to bring an action for assault and battery within the one-year statute of limitations.

Appeal by plaintiff from orders entered 7 April and 3 May 1999 by Judge William C. Gore, Jr. in Superior Court, Bladen County. Heard in the Court of Appeals 27 March 2000.

*Hester, Grady, Hester, Greene & Payne, by H. Clifton Hester, for plaintiff-appellant.*

*Anderson, Daniel & Coxe, by Bradley A. Coxe, for defendant-appellee.*

BRITT v. HAYES

[140 N.C. App. 262 (2000)]

TIMMONS-GOODSON, Judge.

This action arises out of a road rage incident occurring on 15 July 1998 between William Donald Britt ("plaintiff") and George Douglas Hayes ("defendant") on U.S. Highway 701 in Tabor City, North Carolina. In his complaint for personal injuries and property damage filed 4 January 1999, plaintiff alleges that he was traveling behind defendant in the northbound lane of the highway when defendant "suddenly and without warning began backing up . . . [and] collid[ed] forcibly with [plaintiff's vehicle]." Plaintiff claims that in so acting, defendant negligently violated several rules and regulations adopted by the North Carolina Division of Motor Vehicles. He further contends that defendant's negligence "was the sole and proximate cause of [his] injuries."

Defendant filed an answer asserting, among other defenses, self-defense and the statute of limitations. Upon defendant's subsequent motion for summary judgment, the trial court entered an order stating the following:

> 1. That Plaintiff's action is based upon an alleged assault and battery by Defendant, to wit, the intentional backing of his tractor trailer into the Plaintiff.

> 2. That Plaintiff has failed to file his action within the applicable one year statute of limitation for assault and/or battery.

> . . . .

> IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment is granted and Plaintiff's action is DISMISSED WITH PREJUDICE.

From this order and from the order denying plaintiff's motion for a new trial, plaintiff appeals.

---

By his sole assignment of error, plaintiff argues that the trial court improperly entered summary judgment for defendant, because the evidence raised an issue of fact as to whether defendant intended to injure plaintiff when he backed his vehicle into plaintiff's truck. We must disagree.

Summary judgment is appropriate if after reviewing the pleadings, depositions, answers to interrogatories and other evidentiary materials, the trial court is convinced that no genuine issue of ma-

terial fact remains and that, as a matter of law, the moving party is entitled to judgment in his favor. *Lynn v. Burnette*, 138 N.C. App. 435, 437-38, 531 S.E.2d 275, 278 (2000). In ruling on a motion for summary judgment, the trial court must consider the evidence in the light most helpful to the party opposing the motion, allowing that party the benefit of all inferences reasonably drawn from the evidence. *Meares v. Jernigan*, 138 N.C. App. 318, 320, 530 S.E.2d 883, 885 (2000). The burden of demonstrating the absence of a triable issue of fact resides with the party seeking summary judgment. *Lynn*, 138 N.C. App. at 438, 531 S.E.2d at 278.

"Negligence is the breach of a legal duty proximately causing injury." *Id.* at 439, 531 S.E.2d at 278. Conversely, intentional torts, such as assault and battery, do not arise out of any duty owed to the injured party, but out of intentionally injurious conduct on the part of the tortfeasor. *Id.* at 439, 531 S.E.2d at 279. "An assault is an offer to show violence to another without striking him[.]" *Ormond v. Crampton*, 16 N.C. App. 88, 94, 191 S.E.2d 405, 409 (1972). A battery is committed when the threat of violence is executed by way of an "intentional and unpermitted contact with one's person." *Dickens v. Puryear*, 302 N.C. 437, 445, 276 S.E.2d 325, 330 (1981).

This Court has articulated the distinction between negligence and intentional torts as follows:

> An intentional infliction of harm is not a negligent act. If the operator of an automobile operates his car in violation of the speed law and in so doing inflicts injury as a proximate result, his liability is based on his negligent conduct. But if the driver intentionally runs over a person, it makes no difference whether the speed is excessive or not; the driver is guilty of an assault. Such wilful conduct is beyond and outside the realm of negligence.

*Ormond*, 16 N.C. App. at 93, 191 S.E.2d at 409. Having carefully examined the record in its entirety, we hold that the evidence in this case does not support a theory of negligence on the part of defendant.

Viewed in the light most favorable to plaintiff, the evidence tends to show that he first encountered defendant on Highway 701 in or near Loris, South Carolina. Plaintiff testified that defendant ran plaintiff's pickup truck off the highway and into a ditch after unsuccessfully attempting to pass him. Plaintiff claims that when he returned to

**BRITT v. HAYES**

[140 N.C. App. 262 (2000)]

the highway, he proceeded to follow defendant in order to obtain his license plate number. According to plaintiff, defendant's license plate was not visible from the rear of his tractor trailer. Plaintiff therefore attempted to pass defendant to view the plate on the front of the vehicle, but when he did so, defendant again ran him off the road. Plaintiff managed to pull his vehicle back onto the roadway and continued to pursue defendant into Tabor City. Plaintiff stated that as defendant rounded the curve at the intersection of Highways 701 and 410, he slowed his speed, put the tractor trailer in reverse, and backed it into plaintiff's truck. The incident caused plaintiff personal injury and property damage.

Although in his complaint, plaintiff purports to characterize defendant's actions as negligent, the evidence does not bolster this theory of liability. Nothing in the record suggests that defendant's behavior was anything but intentional, and plaintiff acknowledges as much in his deposition testimony:

Q. Was there anything in front of him that would make him want to back up?

A. No, nothing.

Q. So he did that on purpose?

A. Yes.

Q. There's no doubt in your mind that he did that on purpose?

A. There was nothing in the left lane, nothing in the right land [sic]. Just him.

Q. No other reason for him to back up other than to hit you; is that right?

A. That's—that's the only way I see it.

Nonetheless, plaintiff argues that while defendant's actions may have constituted an assault, no battery was committed, because defendant did not touch his "person." It is plaintiff's position that without such contact, defendant's intent to injure remains at issue. However, this Court has stated that "[t]he intent required to prove battery is intent to act, i.e., the intent to cause harmful or offensive contact, not the intent to injure." *Russ v. Great American Ins. Companies*, 121 N.C. App. 185, 188, 464 S.E.2d 723, 725 (1995). Moreover, regarding the contact required, Professor Daye has said

that such "[c]ontact need not be made directly with the plaintiff's person. Contact with something so associated with the plaintiff's person will be sufficient for liability to be imposed." Charles E. Daye & Mark W. Morris, *North Carolina Law of Torts* § 3.32.2, 22 (2nd ed. 1999) (citing Restatement (Second) of Torts § 18 cmt. c (1965)). Similarly, Professor Prosser describes the requisite contact as follows:

> Protection of the interest in freedom from intentional and unpermitted contacts with the plaintiff's person extends to any part of the body, or to anything which is attached to it and practically identified with it. Thus, if all other requisites of a battery against the plaintiff are satisfied, contact with the plaintiff's clothing, or with a cane, a paper, or any other object held in the plaintiff's hand, will be sufficient; and the same is true of the chair in which the plaintiff sits, the horse or *the car the plaintiff rides or occupies*, or the person against whom the plaintiff is leaning. The interest in the integrity of person includes all things which are in contact or connected with the person.

W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 9, at 39-40 (5th ed. 1984) (emphasis added) (footnotes omitted).

Therefore, we hold that the trial court was correct in concluding that the conduct of which plaintiff complains is more properly characterized as intentional, rather than negligent. Because plaintiff failed to bring an action for assault or battery within the one-year statute of limitations, his action is time-barred. Thus, summary judgment for defendant was appropriate.

For the foregoing reasons, we affirm the order of the trial court.

Affirmed.

Chief Judge EAGLES and Judge HUNTER concur.