LEVINSON, Judge.
On 21 January 1999, defendant Stacey Clark Eastwood was driving the truck owned by his business, defendant Lightning Bolt Services, Inc. At approximately 1:00 p.m. on that date, Eastwood's vehicle collided with the vehicle being driven by plaintiff Sana O'Beid. On 16 October 2001, O'Beid filed a complaint against Eastwood and Lightning Bolt Services alleging negligence and seeking damages for personal injuries alleged to consist of a mild head injury and resulting post traumatic stress disorder. Following a trial, the matter was submitted to a jury at 3:37 p.m.on 17 September 2003. The jury returned a verdict in defendants' favor at 4:04 p.m. on the same day.
Plaintiff made a motion for a new trial pursuant to N.C.G.S. §§ 1A-1, Rule 59(a)(1), (2), (5), and (9). The trial court denied this motion by an order entered 5 January 2004 and entered a final judgment in defendants' favor on 29 January 2004. Plaintiff appeals from the 5 January 2004 order denying her motion for a new trial. She has not given notice of appeal from the final judgment entered 29 January 2004.
In her first argument on appeal, plaintiff contends that the trial court erred in denying her motion for a new trial where, during the trial, the trial court made some "unintentional remarks" to the jury about an impending hurricane. According to plaintiff, these remarks caused the jury to spend too little time deliberating and prevented a fair and impartial verdict. Though the transcript is devoid of any such remarks made by the trial judge in the presence of the jury, plaintiff offers her husband's affidavit as evidence that the trial court made the challenged comments and insists that such remarks were inadvertently omitted by the court reporter. We are unpersuaded that the trial court erred in denying plaintiff's motion for a new trial.
N.C.G.S. § 1A-1, Rule 59(a) (2003) provides that
[a] new trial may be granted to all or any of the parties . . . for any of the following causes or grounds:
(1) Any irregularity by which any party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
. . . .
(5) Manifest disregard by the jury of the instructions of the court;
. . . .
(9) Any other reason heretofore recognized as grounds for new trial.
Our Supreme Court has described the standard of review of a trial court's denial of a motion for a new trial as follows:
Appellate review is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge. The trial court's discretion is practically unlimited. A discretionary order pursuant to N.C.G.S. 1A-1, Rule 59 for or against a new trial upon any ground may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly shown. A manifest abuse of discretion must be made to appear from the record as a whole with the party alleging the existence of an abuse bearing that heavy burden of proof. An appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice.
Campbell v. Pitt County Memorial Hosp., 321 N.C. 260, 264-65, 362 S.E.2d 273, 275-76 (1987) (citations and internal quotation marks omitted). In the criminal context, our Supreme Court has stated that
shortness of time in deliberating a verdict . . . in and of itself, simply does not constitute grounds for setting aside a verdict. The brevity of deliberation should only be questioned if there is evidence of some misconduct on the part of the jury or the trial judge believes that the jury acted witha contemptuous or flagrant disregard of its duties in considering the matters submitted to it for decision.
State v. Spangler, 314 N.C. 374, 388, 333 S.E.2d 722, 731 (1985).
In the instant case, the trial court made the following pertinent findings of fact with respect to plaintiff's motion for a new trial:
(5) [Plaintiff submitted] an affidavit by the husband of the plaintiff, stating that the Court made some statement in the presence of the jury regarding the anticipated arrival of Hurricane Isabel;
(6) Counsel for the plaintiff obtained a copy of the court reporter's transcript to ascertain if there was a basis for the assertions;
(7) The transcript page submitted by the plaintiff shows that there was an inquiry of the Court to counsel out of the presence of the jury and at approximately 12:30 PM before the lunch break regarding whether the plaintiff would have both an opening and a closing argument, and regarding the fact that the courthouse would be closed the following day;
(8) No evidence was presented by the plaintiff of any other information from the transcript showing discussion of time constraints, weather, courthouse closing or any similar matter;
. . . .
(10) The Court finds that there is no basis for the assertion that the court reporter failed to record any events which transpired in the presence of the jury;
(11) The Court is satisfied from the Court's own recollection that no statement relating to Hurricane Isabel or any other similar statement likely to prejudice the jury's deliberation was made by the Court in the presence of the jury;
(12) At no time during the three days of trial did any member of the jury express to the Court any concernregarding the anticipated arrival of the hurricane . . . .
(13) The Court recollects that the jury took essentially the entire morning session on Wednesday, September 17th, to review extensively the documentary evidence tendered by the plaintiff and defendant. . . .
Even assuming arguendo that the court reporter failed to record the alleged hurricane-related comments and the trial court failed to recollect making them, plaintiff's brief expressly states that she is "not suggest[ing] that the [p]residing [j]udge's remarks to the jury were anything but prudent and informative, but that the jury could not have engaged in deliberations as instructed by the [p]residing [j]udge in the very short time during which the jury was sent to deliberate the case." However, plaintiff has provided nothing more than a bald assertion that any alleged statement affected the jury's deliberations or that the jury disregarded the court's instructions in deciding the case.
We discern no abuse of discretion in the trial court's denial of plaintiff's motion for a new trial. This assignment of error is overruled.
In her second argument on appeal, plaintiff contends that the trial court erred by cautioning her attorney not to refer to O'Beid's psychiatrist, Dr. Yongue, as an expert accepted by the court. As we must, we treat this contention as an argument that the trial court erred by failing to grant a new trial due to the challenged admonition.[1] However, plaintiff did not assert the trial court's cautionary comment as a basis for a new trial in the motion she filed with the trial court. It is elementary that "[a] contention not raised in the trial court may not be raised for the first time on appeal." Town of Chapel Hill v. Burchette, 100 N.C. App. 157, 159-60, 394 S.E.2d 698, 700 (1990); see also N.C.R. App. P. 10(a). Moreover, even assuming arguendo that it is properly before this Court, plaintiff's second argument on appeal is entirely without merit. The corresponding assignment of error is overruled.
Affirmed.
Judges HUNTER and CALABRIA concur.
Report per Rule 30(e).

As already indicated, plaintiff has not taken an appeal from the final judgment. In addition, the assignment of error that corresponds to her second argument on appeal references the trial court's findings in the order denying a new trial.