GARY SHAMLEY v. SUZY SHAMLEY

No. 9328DC1274

(Filed 6 December 1994)

**1. Courts § 15 (NCI4th)— equitable distribution—no personal jurisdiction over defendant—failure to show minimum contacts with North Carolina**

The trial court did not err in dismissing plaintiff's equitable distribution action for lack of personal jurisdiction over defendant where the evidence tended to show that defendant had been a resident of New Jersey for over twenty years; she had been in North Carolina on only two occasions for a total of ten days; plaintiff left the marital home in New Jersey, bought property, built a house in North Carolina and had it titled in both parties' names, all without defendant's agreement or acquiescence; and plaintiff thus failed to show the necessary minimum contacts to give North Carolina personal jurisdiction over defendant.

**Am Jur 2d, Courts §§ 118 et seq.**

**Long-arm statutes: in personam jurisdiction over nonresident based on ownership, use, possession, or sale of real property. 4 ALR4th 955.**

**Comment note.—"Minimum contacts" requirement of Fourteenth Amendment's due process clause (Rule of *International Shoe Co. v. Washington*) for state court's**

assertion of jurisdiction over nonresident defendant. 62 L. Ed 2d 853.

2. **Divorce and Separation § 112 (NCI4th)— resulting trust in house—claim ancillary to equitable distribution claim— denial of motion proper**

The trial court did not err in denying plaintiff's motion to be declared sole owner of a house which he built in North Carolina and had titled in both parties' names, since plaintiff's motion was ancillary to his equitable distribution action; the equitable distribution action was dismissed for lack of personal jurisdiction over defendant; and plaintiff would not be entitled to a resulting trust anyway, as he would be required to show that he purchased the home with separate funds, and whether the funds were separate was an issue to be resolved in the equitable distribution action.

**Am Jur 2d, Divorce and Separation §§ 878 et seq.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

3. **Courts § 74 (NCI4th)— earlier order vacated and set aside by another judge—different stage of proceedings—different issues—no error**

There was no merit to defendant's contention that the trial court's order dismissing plaintiff's equitable distribution claim for lack of jurisdiction over defendant should be reversed because he had no authority to vacate and set aside an earlier court order continuing the case and enjoining both parties from using or disposing of any funds which were the subject of plaintiff's motion for injunctive relief, since the prior judge's order was rendered at a different stage of the proceedings, and the issues and materials considered by the second judge were not the same.

**Am Jur 2d, Courts §§ 87 et seq.**

Appeal by plaintiff from orders entered 14 July 1993, 30 July 1993, and 27 September 1993 by Judge Earl J. Fowler, Jr. in Buncombe County District Court. Heard in the Court of Appeals 26 September 1994.

Plaintiff Gary Shamley and defendant Suzy Shamley were married in New York in December 1965. The couple resided for 20 years in New Jersey until 1991. In January 1991, plaintiff bought a house in

SHAMLEY v. SHAMLEY

[117 N.C. App. 175 (1994)]

Barnardsville, North Carolina and moved there. Defendant remained in New Jersey. In February 1992 plaintiff started the construction of a new house on his property in Barnardsville, which he finished in November 1992.

On 7 January 1993, plaintiff sued for absolute divorce and equitable distribution in North Carolina. On 25 February 1993, defendant brought a similar suit in a New Jersey Superior Court. On 25 May 1993, Judge Peter L. Roda granted plaintiff an absolute divorce from defendant in North Carolina. Plaintiff then moved to dismiss the New Jersey suit. On 1 June 1993, Judge Eugene H. Austin dismissed the New Jersey suit without prejudice because he concluded that the North Carolina judgment was entitled to full faith and credit and that the matter of distributing the marital property was before the North Carolina court.

Plaintiff moved for injunctive relief, seeking restitution of his certain separate funds and of gold coins allegedly converted by defendant because monies constituting his separate funds were withdrawn by defendant in January 1992 from a joint account. Plaintiff's motion was heard on 26 May 1993 by the Honorable Shirley H. Brown in Buncombe County District Court. Defendant did not appear. Instead, her attorney in New Jersey sent a letter to the court requesting a continuance to allow defendant an opportunity to retain local counsel. By order entered 28 May 1993, Judge Brown continued the hearing on plaintiff's motion until 2 July 1993 and enjoined both parties from using or disposing of any funds which were the subject of plaintiff's motion for injunctive relief pending the hearing.

At the 2 July 1993 hearing, defendant's attorney made a special appearance to challenge jurisdiction and produced a motion to vacate the divorce order and the order of 28 May 1993. Defendant moved that the judgment and order be set aside pursuant to Rule 60(b)(4) for lack of personal jurisdiction over the defendant, insufficient service of process, and lack of subject matter jurisdiction. Judge Gary S. Cash continued the matter to 9 July 1993.

On 7 July 1993, the order dismissing the New Jersey suit was modified by the New Jersey court to grant the right to move the equitable distribution action to New Jersey.

On 9 July 1993, Judge Fowler conducted an evidentiary hearing on defendant's motion. On 14 July 1993, the court determined that it did not have personal jurisdiction over defendant and thus granted

SHAMLEY v. SHAMLEY

[117 N.C. App. 175 (1994)]

defendant's motion to vacate and set aside the order of 28 May 1993, dismissed plaintiff's cause of action for equitable distribution, and denied plaintiff's motion for injunctive relief. The court concluded that it had jurisdiction over the parties sufficient to alter their marital status and thus denied defendant's motion to vacate the divorce order. On the other hand, the court concluded that it could not assume jurisdiction over plaintiff's cause of action for equitable distribution because it did not have "jurisdiction over defendant sufficient to meet the minimum contact requirements" and that it could not entertain plaintiff's motion for injunctive relief because it was part of the equitable distribution action. Judge Fowler also decreed that New Jersey was the proper jurisdiction for the equitable distribution action.

On 21 July 1993 plaintiff filed a motion to declare plaintiff sole owner of the Barnardsville home, which he had jointly titled in the couple's names. Plaintiff's motion was denied by Judge Fowler by order entered 30 July 1993. On 23 July 1993 plaintiff filed a motion under Rules 52(b) and 59(a) to vacate, set aside or amend the 14 July order, which motion was denied by order entered 27 September 1993.

From the orders entered 14 July 1993, 30 July 1993 and 27 September 1993, plaintiff appeals.

*Gary Shamley, plaintiff-appellant, pro se.*

*Robert E. Riddle, P.A., by Robert E. Riddle, for defendant-appellee.*

THOMPSON, Judge.

[1] The main issue on appeal is whether the trial court erred in dismissing plaintiff's equitable distribution action and his ancillary claim for restitution for lack of personal jurisdiction over defendant.

Exercise of jurisdiction in an equitable distribution action must meet the minimum contacts standard of *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945). *Carroll v. Carroll*, 88 N.C. App. 453, 455, 363 S.E.2d 872, 874 (1988). In determining whether a nonresident defendant is subject to the *in personam* jurisdiction of the courts of this State, we must consider (1) whether there is a statutory basis for the exercise of *in personam* jurisdiction by the court and (2) whether the exercise of jurisdiction comports with the requirements of the due process clause of the Fourteenth Amendment. *Buck v. Heavner*, 93 N.C. App. 142, 144, 377

SHAMLEY v. SHAMLEY

[117 N.C. App. 175 (1994)]

S.E.2d 75, 77 (1989) (*citing Dillon v. Numismatic Funding Corp.,* 291 N.C. 674, 231 S.E.2d 629 (1977)). "Due process demands that the maintenance of a lawsuit against a nonresident not offend 'traditional notions of fair play and substantial justice.' The 'constitutional touchstone' of this due process requirement is whether the defendant has purposefully established minimum contacts with the forum state so that he should reasonably anticipate being haled into court in that forum." *Id.* at 145, 377 S.E.2d at 77 (citations omitted).

The question on appeal is whether the second prong of the test was met. Plaintiff argues the trial court's findings of fact regarding defendant's contacts with North Carolina were unsupported by the evidence and that the trial court overlooked evidence which was sufficient to prove that defendant purposefully established numerous contacts with North Carolina. We disagree. We conclude that the trial court's findings were adequately supported and in light of these findings and other evidence presented, plaintiff did not establish the necessary minimum contacts.

The trial court made the following findings of fact regarding defendant's contacts:

9. On December 14, 1990, without the Defendant's participation, the Plaintiff purchased a tract of land in Buncombe County North Carolina and when he left the marital home in New Jersey moved into an old house located on this property; that he has since that time without the participation of the Defendant constructed a home on this property and has resided there since.

10. That although the Plaintiff had the North Carolina property titled in joint names, this was done without Mrs. Shamley's presence or knowledge and he paid for the property with cash which he contends was his separate money.

11. When the Plaintiff left the marital home in New Jersey he removed certain personal property with him to North Carolina including several vehicles, which he contends were his property; the Defendant did not assist in moving any of her personal property to North Carolina; that the presence of personal property in North Carolina was brought about exclusively by the Plaintiff and its presence here does not represent an active choice on the part of the Defendant.

12. The Defendant has never been a resident of North Carolina and although she visited on two occasions for a total of ten days

the marriage relationship was never resumed; the defendant looked at houses in North Carolina in October, 1991 but did not purchase any real estate; that she did purchase an automobile in North Carolina in July, 1992, but paid New Jersey sales tax and had the automobile titled in New Jersey and the vehicle has been in New Jersey since its purchase.

The only evidence presented at the 9 July 1993 hearing were the affidavits and exhibits filed by the parties. Plaintiff argues that defendant's affidavit does not support the trial court's findings that: (1) plaintiff purchased land in North Carolina and constructed a home without defendant's participation, (2) the property was titled in joint names without defendant's presence or knowledge, (3) plaintiff did not purchase any real estate in North Carolina when she went to look at houses there in October 1991, and (4) defendant purchased an automobile in North Carolina in July 1992, but paid New Jersey sales tax and had the auto titled in New Jersey.

The trial court's findings of fact are conclusive if supported by any competent evidence and judgment supported by such findings will be affirmed, even though there may be evidence to the contrary. *Little v. Little*, 9 N.C. App. 361, 365, 176 S.E.2d 521, 523-524 (1970). We conclude that the trial court's findings of fact were supported by statements in the affidavits and were thus supported by competent evidence.

In her affidavit, defendant stated the following:

2. That she is presently a citizen and resident of Upper Saddle River, New Jersey; that she has been a citizen and resident of said place for more than twenty years.

3. That she visited North Carolina only twice in her life, for a total of ten days.

4. That she had no other contact with the state of North Carolina other than the aforementioned ten day stay.

5. That the Plaintiff, acting completely on his own and without Defendant's consent, travelled to North Carolina in 1991 to buy land and a house; that Plaintiff moved to North Carolina to build a new house on the land in 1992, against Defendant's wishes.

6. That Defendant was not present at the closing of the land purchase on January 4th, 1991.

7. That Defendant refused to join him, and remained in New Jersey . . . .

. . .

10. That Defendant has no personal property located in North Carolina.

This affidavit clearly supports the findings that plaintiff purchased land and constructed a home in North Carolina without defendant's participation and that the property was titled in joint names without defendant's presence and knowledge.

The court's finding that defendant did not purchase any real estate in North Carolina when she went to look at houses there in October 1991 is supported by plaintiff's statement in his affidavit that a real estate agent showed him and defendant houses while defendant was in North Carolina and that defendant did not like any of them. The court's finding that defendant purchased an automobile in North Carolina in July 1992, but paid New Jersey sales tax and had the auto titled in New Jersey is supported by plaintiff's statement in his affidavit that between 2 July and 7 July 1992 plaintiff visited Buncombe County to buy a new car which she took to New Jersey.

Plaintiff also argues that the trial court's finding that plaintiff removed several vehicles from New Jersey to North Carolina which he contends were his property is unsupported by the evidence. The only evidence relating to this property is plaintiff's statement in his affidavit that he moved various automobiles and other personal property to North Carolina that are "part of the marital estate [to] which [defendant] has not relinquished her rights." We agree that the trial court's finding in this regard was not supported by the evidence; the evidence did not show that plaintiff contended that the vehicles were his personal property. However, this error does not warrant reversal. Even if the vehicles were part of the marital estate, plaintiff was solely responsible for their removal to North Carolina.

Plaintiff next argues that the trial court overlooked evidence which was sufficient to prove that defendant had numerous purposeful contacts with North Carolina. Plaintiff points to evidence that defendant purchased real estate here, brought personal property to North Carolina, and had funds "domiciled" in North Carolina. Some of the evidence to which plaintiff refers was not presented at the hearing but was instead submitted with plaintiff's motion to vacate, set aside or amend the judgment, which was denied by order of 27 September 1993. Plaintiff makes no argument regarding the denial of this motion in his brief and thus has abandoned his assignment of error

relating to the trial court's order of 27 September 1993. N.C. R. App. P. 28(b)(5) (1994). We find that the evidence presented at any or all of the hearings is insufficient to establish that defendant made numerous purposeful contacts with North Carolina. "Minimum contacts must have a basis in 'some act by which the defendant purposely avails [himself] of the privilege of conducting activity within the forum State, thus invoking the benefits and protections of its laws.' " *Carroll v. Carroll*, 88 N.C. App. 453, 455, 363 S.E.2d 872, 874 (1988) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75, 85 L.Ed.2d 528, 542 (1985)). The latter requirement ensures that defendant will not be haled into a jurisdiction solely as a result of the "unilateral activity of another party or third person." *Id.* at 456, 363 S.E.2d at 874 (*quoting Burger King v. Rudzewicz*, 471 U.S. 462, 475, 85 L.Ed.2d 528, 542 (1985)). Plaintiff's purchase of land in North Carolina and construction of a house thereon was done without defendant's participation. Defendant's only voluntary contacts with North Carolina were during a brief visit in which she looked at houses with defendant and another visit in which she purchased an automobile. We find that defendant could not, on the basis of these contacts, reasonably anticipate being haled into court here.

**[2]** Plaintiff also assigns as error the denial of his motion to be declared sole owner of the North Carolina house. Defendant contends that the order entered 30 July 1993 is erroneous because the court did not make findings of fact and conclusions of law and plaintiff was entitled as a matter of law to a judgment of resulting trust in his favor. We disagree.

After his motion was denied, plaintiff requested Judge Fowler to make findings of fact and conclusions of law so that he could appeal the denial of his motion. By order of 27 September 1993, Judge Fowler denied plaintiff's motion because it sought relief that would be ancillary to the equitable distribution action which had been dismissed for lack of personal jurisdiction. Rule 52(a)(2) of the North Carolina Rules of Civil Procedure requires findings of fact and conclusions of law on decisions with respect to any motion or order *ex mero motu* only when requested by a party and as provided in Rule 41(b). N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (1990). The trial court must comply with a party's request under Rule 52(a)(2). *Andrews v. Peters*, 75 N.C. App. 252, 258, 330 S.E.2d 638, 642, *disc. review denied*, 315 N.C. 182, 337 S.E.2d 65 (1985), *affirmed*, 318 N.C. 133, 347 S.E.2d 409 (1986).

SHAMLEY v. SHAMLEY

[117 N.C. App. 175 (1994)]

Although the trial court was required under Rule 52(a) to enter findings of fact and conclusions of law pursuant to plaintiff's request, we need not remand for findings and conclusions because plaintiff's motion was ancillary to the equitable distribution action, moreover, plaintiff would not have been entitled to a resulting trust. To be entitled to a resulting trust in his favor, plaintiff must have presented evidence that he purchased the home with separate funds and must have produced clear and convincing evidence to rebut the presumption that a gift was intended. *See Mims v. Mims*, 305 N.C. 41, 56-58, 286 S.E.2d 779, 789-790 (1982). Plaintiff contends that he spent $205,000 which he received in settlement of lawsuits he filed against his employer to purchase the home and that these funds were his separate funds. Whether or not these funds were plaintiff's separate property is an issue to be resolved in the equitable distribution action. Moreover, the only evidence plaintiff points to as proof of those facts is the written settlement agreement and the couple's summary account statement with Dreyfus Worldwide Dollar Money Market Fund, which shows that $205,000 was added to the couple's account. We find this evidence insufficient to show that the property was purchased with his separate funds and thus conclude that plaintiff would not have been entitled to a resulting trust.

[3] Plaintiff further argues that Judge Fowler's order should be reversed because he had no authority to vacate and set aside Judge Brown's order. Ordinarily, one superior court judge may not modify, overrule, or change the judgment of another superior court judge previously made in the same action. *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987). The rule also applies to district court judges. *See Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, *appeal dismissed and disc. review denied*, 303 N.C. 319, 281 S.E.2d 659 (1981).

Judge Fowler was entitled to set aside the judgment if plaintiff's motion were proper and authorized under N.C. Gen. Stat. § 1A-1, Rule 60. *See Waters v. Qualified Personnel, Inc.*, 32 N.C. App. 548, 550, 233 S.E.2d 76, 78 (1977) (a new judge can hear a party's motion for rehearing to set aside a judgment if the motion is proper and authorized under Rule 60). However, defendant's motion was not authorized under Rule 60(b) because section (b) of the rule applies by its express terms only to final judgments. *Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975). Judge Brown's order, which continued the hearing and enjoined the parties from converting the funds pending the hearing, was not a final judgment.

Nevertheless, we hold that Judge Fowler was not bound by the prior order in ruling on defendant's motion to set aside that order because the prior order of Judge Brown was rendered at a different stage of the proceedings and the issues and materials Judge Fowler considered were not the same. The rule does not apply where the prior order is rendered at a different stage of the proceedings, where the materials considered are not the same, and where the issues are not the same. *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987). The hearing before Judge Brown dealt primarily with defendant's motion to continue the hearing in order to retain local counsel. Judge Brown's order was based on the letter submitted by defendant's attorney, plaintiff's affidavit and plaintiff's arguments. On the other hand, the hearing before Judge Fowler dealt with the issues raised by defendant's motion. The primary issue there was whether defendant's contacts with North Carolina, as evidenced by the parties affidavits, were sufficient to establish minimum contacts.

We have reviewed plaintiff's remaining assignments of error and find no error except in the trial court's decree that New Jersey was the proper forum for the parties' equitable distribution action. Whether or not New Jersey is the proper forum for the equitable distribution action is a matter to be determined by the New Jersey courts. However, this error does not warrant reversal of the order of 14 July 1994.

The orders entered 14 July 1993 and 30 July 1993 are

Affirmed.

Chief Judge ARNOLD and Judge MARTIN concur.