BATES v. JARRETT

[135 N.C. App. 594 (1999)]

---

CONNIE BATES, Plaintiff-Appellant v. DEBBIE JARRETT, MICHAEL JARRETT, and MICHAEL BATES, Defendants-Appellees

No. COA98-1338

(Filed 16 November 1999)

1. Parties— standing—equitable distribution—transferred title to automobile

The defendants Jarrett had standing as real parties in interest to challenge the court's jurisdiction over defendant Bates where plaintiff, a North Carolina resident, filed an equitable distribution claim against Bates, a Virginia citizen, and claims against defend-

ant Debbie Jarrett for the insurance proceeds from a wrecked automobile sold by defendant Bates to Debbie Jarrett.

**2. Divorce— equitable distribution—jurisdiction—minimum contacts**

The trial court erred in an equitable distribution action by dismissing the claim against defendant Bates for lack of jurisdiction where plaintiff and defendant Bates were married and resided in North Carolina from 1985 until 1992 or 1993, when they moved to Virginia; plaintiff and defendant Bates acquired an automobile in Virginia which was titled in defendant Bates' name; plaintiff moved to North Carolina after the separation in 1997 and brought the automobile with her with defendant Bates' consent; Bates subsequently appeared at a domestic violence hearing in North Carolina without being served; a court order gave plaintiff possession of their automobile for 90 days; Bates conveyed title to the automobile to defendants Jarrett one week later; the automobile remained continuously in North Carolina until it was wrecked; and the insurance proceeds were paid to defendants Jarrett and deposited in their account here. The actions of Bates involving an automobile constitute sufficient minimum contacts with North Carolina that he should have reasonably anticipated being haled into court here over the issues of possession and ownership of the vehicle.

Appeal by plaintiff from judgment entered 10 July 1998 *nunc pro tunc* to 10 June 1998 by Judge Kimbrell Kelly Tucker in Cumberland County District Court. Heard in the Court of Appeals 16 August 1999.

*Bruce Allen for plaintiff-appellant.*

*Robin Weaver Hurmence for defendants-appellees Debbie and Michael Jarrett.*

WALKER, Judge.

The plaintiff, a resident of Cumberland County, North Carolina, filed an equitable distribution claim against defendant Michael Bates, a citizen of Virginia, and claims against defendant Debbie Jarrett, a citizen of this State. Included was a claim to set aside the conveyance of a 1992 Subaru Loyale by defendant Bates to defendant Debbie Jarrett and to recover the insurance proceeds received by Jarrett after the Subaru was wrecked. After defendant Debbie Jarrett filed a motion to dismiss, an answer, and counterclaims, plaintiff filed a

motion to add defendant Michael Jarrett as a necessary party. Plaintiff's motion was granted. Defendants Jarrett then filed a motion to dismiss, an answer, and counterclaims.

The trial court held a hearing on the motion of defendants Jarrett to dismiss the equitable distribution claim against defendant Bates for lack of jurisdiction. At the hearing, the trial court reviewed the pleadings and considered plaintiff's affidavit with attachments, as well as the arguments of counsel. After finding there was no personal jurisdiction over defendant Bates, the trial court dismissed the plaintiff's claim for equitable distribution against defendant Bates as well as the remaining claims against defendants Jarrett.

[1] The plaintiff first contends that the trial court erred in allowing defendants Jarrett to challenge the court's subject matter jurisdiction over defendant Bates. The record indicates that the Subaru was wrecked shortly after title was transferred by defendant Bates to defendant Michael Jarrett. The insurance proceeds were paid to defendants Jarrett and deposited in their account in this State. Since plaintiff has asserted claims against defendants Jarrett, we conclude they have standing as real parties in interest to challenge our courts' jurisdiction over defendant Bates.

[2] Plaintiff next assigns as error the dismissal of her claim for equitable distribution against defendant Bates for lack of jurisdiction. Exercise of jurisdiction in an equitable distribution action must meet the minimum contacts standard of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945). *Carroll v. Carroll,* 88 N.C. App. 453, 455, 363 S.E.2d 872, 874 (1988). The resolution of whether the trial court acquired *in personam* jurisdiction over defendant involves a two-fold determination. *Godwin v. Walls,* 118 N.C. App. 341, 345, 455 S.E.2d 473, 478 (1995). First, our statute must permit the exercise of jurisdiction, and second, such exercise must comport with due process of law under the Fourteenth Amendment to the U.S. Constitution. *Id.*

The question on appeal is whether the second prong of this test was met. The requirements of due process are well settled:

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

*International Shoe Co.*, 326 U.S. at 316, 90 L. Ed. at 102. To effectuate minimum contacts, a defendant must have acted to purposefully avail itself of the privileges of conducting activities within this State, thus invoking the benefits and protection of our laws. *International Shoe Co.*, 326 U.S. at 319, 90 L. Ed. at 103. The Supreme Court later clarified the standard: "Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501 (1980). As the United States Supreme Court has explained:

> [T]he 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.' Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 542 (1985).

The trial court found that there were insufficient minimum contacts between defendant Bates and this State whereby our courts could exercise personal jurisdiction over him in this matter. The determination of whether jurisdiction is statutorily and constitutionally permissible due to contact with the forum is a question of fact for the trial court. *Chadbourn, Inc. v. Katz*, 285 N.C. 700, 208 S.E.2d 676 (1974). Whether minimum contacts are present is determined not by using a mechanical formula or rule of thumb but by ascertaining what is fair and reasonable under the circumstances. *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 462 S.E.2d 832 (1995). The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court. *Id.*

In its order of dismissal, the trial court's findings included the following:

> 1. The Court has carefully examined the filed documents in Case No. 97 CvD 5938 and also 97 CvM 785; In Case No. 97 CvD 5938, the Defendant was personally served within the State of North Carolina in reference to the TRO and for that action he was per-

sonally served in the State of North Carolina which then had personal service over him the TRO.

. . .

6. In the pro se domestic violence action filed in 97 CvD 5938, Cumberland County, North Carolina, the Plaintiff points out that there was a Protective Order most likely in the State of Virginia which expired on June 6, 1997; the Defendant Bates did not voluntarily return to the State of North Carolina.

7. In the Small Claims action 97 CvM 785 in Cumberland County, North Carolina, the Defendant Bates was named as a Defendant and was not served and this action was dismissed.

8. All that is left to argue in reference to minimum contacts within the State of North Carolina is that Defendant Bates permitted the 1992 [Subaru] Loyale to be brought into the State of North Carolina by the Plaintiff.

9. Pursuant to the United States Supreme Court case Interna-tional Shoe, the Court can proceed if it is reasonable and fair to proceed against a Defendant, in this instance it is not reasonable and fair to proceed in this matter and the Plaintiff's claim for Equitable Distribution is dismissed pursuant to a lack of personal jurisdiction over the Defendant Bates, there is not sufficient minimum contacts with the state.

Our review of the record reveals the following: Plaintiff and defendant Bates married in 1985 and resided in North Carolina from 1985 until 1992 or 1993, when they moved to Virginia. While living in Virginia, plaintiff and defendant Bates acquired the Subaru which was titled in defendant Bates' name and registered in Virginia. After separating from defendant Bates, plaintiff moved to Cumberland County, North Carolina, in March 1997. At that time, defendant Bates consented to plaintiff bringing the Subaru to North Carolina and according to plaintiff's affidavit, he was to pay the car payments on the Subaru in lieu of paying plaintiff child support for their two children.

On 20 August 1997, plaintiff sought a domestic violence protective order in the District Court of Cumberland County. Although he had not been served with any process, defendant Bates appeared at the hearing. A domestic violence protective order was entered and defendant Bates was served with the order on 20 August 1997. The order gave plaintiff possession of the Subaru and was effective for 90

days. On that same day, defendants Jarrett, instituted a small claims action in Cumberland County against plaintiff and defendant Bates to recover the Subaru. This action was later dismissed.

On 26 August 1997, defendant Bates transferred title to the Subaru to defendant Michael Jarrett. The title was registered with the Department of Motor Vehicles on 27 August 1997. On 28 August 1997, defendants Jarrett, with the assistance of a Hope Mills police officer, took possession of the Subaru.

From March 1997 until it was wrecked on 23 September 1997, the Subaru remained continuously in North Carolina. After the Subaru was wrecked, the insurance proceeds were paid to defendants Jarrett and deposited in their account in North Carolina.

Among the authorities cited by the parties are the following cases which we address: *Carroll v. Carroll*, 88 N.C. App. 453, 363 S.E.2d 872 (1988); *Shamley v. Shamley*, 117 N.C. App. 175, 455 S.E.2d 435 (1994); and *Tompkins v. Tompkins*, 98 N.C. App. 299, 390 S.E.2d 766 (1990). In *Carroll*, the plaintiff and defendant were married in 1975 and lived together in the State of Washington. *Carroll*, 88 N.C. App. 453, 363 S.E.2d 872. They separated in 1985 and plaintiff moved to North Carolina. *Id.* Although defendant had not lived in North Carolina during any part of the marriage, certain property of the parties was located in this State. *Id.* This Court stated:

> The fact that there exists some personal property in North Carolina in which the defendant may have an interest because of the equitable distribution statutes is not alone sufficient to establish jurisdiction over the defendant or his property. If there [were] evidence the defendant brought the property into North Carolina or consented to the placement of property in North Carolina, this would be some evidence of contacts with the forum State. . . .

*Id.* at 456, 363 S.E.2d at 874. This Court held that because the facts did not indicate who brought the property into North Carolina or whether defendant even consented to the property being in North Carolina, the trial court lacked jurisdiction over the defendant and could not properly determine the equitable distribution claim. *Id.*

In *Shamley*, the plaintiff and defendant were married in New York in 1965 and resided in New Jersey for 20 years until 1991. *Shamley*, 117 N.C. App. 175, 455 S.E.2d 435. In 1991, plaintiff moved from New Jersey to this State, bringing certain personal property with him. *Id.* Plaintiff purchased real property here, which he titled in both par-

ties' names without defendant's participation or knowledge. *Id.* This Court upheld the finding of the trial court that it lacked jurisdiction over defendant, stating:

> Plaintiff's purchase of land in North Carolina and construction of a house thereon was done without defendant's participation. Defendant's only voluntary contacts with North Carolina were during a brief visit in which she looked at houses with defendant and another visit in which she purchased an automobile.

*Id.* at 182, 455 S.E.2d at 439.

In *Tompkins*, the plaintiff argued that defendant had sufficient contacts with this State in that he abandoned her within the State and the marital relationship was still in existence at the time the action was brought. *Tompkins*, 98 N.C. App. 299, 390 S.E.2d 766. The defendant, by affidavit in support of his motion to dismiss, stated:

> [H]e had left North Carolina more than three and a half years prior to the commencement of the action, had resided in South Carolina since that time, owned no property in North Carolina, conducted no business in this State, and had not invoked the protection of North Carolina law for any purpose or reason since leaving this State.

*Id.* at 300, 390 S.E.2d at 767. This Court found that the pleadings did not indicate "where the parties were married, that they shared a marital domicile in this State, that defendant has conducted activities here, owns property here, or otherwise has invoked the protection of North Carolina laws." *Id.* at 304, 390 S.E.2d at 769. This Court held:

> Plaintiff's allegations of defendant's marital misconduct, absent any allegations going to a nexus between such misconduct and this State, are simply insufficient to permit the reasonable inference that personal jurisdiction over defendant could properly be acquired in this case.

*Id.*

However, we distinguish our case from the decisions in *Carroll*, *Shamley*, and *Tompkins*. Plaintiff and defendant Bates were married in 1985 and resided in this State from 1985 until 1992 or 1993. After the parties separated, defendant Bates consented to plaintiff bringing the Subaru to this State. Subsequently, defendant Bates had additional contact with the State. He appeared at the domestic violence hearing without being served with process. After being served with

the domestic violence protective order, defendant Bates, in disregard of the order, which gave plaintiff possession of the Subaru for 90 days, conveyed title to the Subaru to defendant Michael Jarrett on 26 August 1997, approximately one week after the order was entered.

From March 1997 until it was wrecked on 23 September 1997, the Subaru remained continuously in this State. After the Subaru was wrecked, the insurance proceeds were paid to defendants Jarrett and deposited in their account here.

As a result, we conclude that the actions of defendant Bates involving the Subaru constitute sufficient minimum contacts with this State such that he should have reasonably anticipated being "haled into Court" here over the issues of possession and ownership of this vehicle. Thus, we reverse the decision of the trial court and remand for further proceedings.

Reversed and remanded.

Chief Judge EAGLES and Judge McGEE concur.