STATE v. CUMMINGS

[169 N.C. App. 249 (2005)]

STATE OF NORTH CAROLINA v. BARRY THOMAS CUMMINGS

No. COA04-949

(Filed 15 March 2005)

### 1. Criminal Law— mistrial—failure to object

A trial court judge appropriately entered a mistrial (in effect) when he discovered that he had personal knowledge of an impaired driving case after the State began its evidence, recessed, and rescheduled the trial before another judge. Defendant made no objection at the time, despite being given the opportunity, and so waived the objection on appeal.

### 2. Judges— overruling one another—double jeopardy

A district court judge could not dismiss an impaired driving case on double jeopardy grounds following a mistrial where another judge had already denied the motion. The rule that one superior court judge may not modify, overrule, or change the judgment or order of another also applies to district court judges.

Appeal by Defendant from judgment entered 13 May 2002 by Judge Larry G. Ford in Superior Court, Rowan County. Heard in the Court of Appeals 15 February 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Robert C. Montgomery, for the State.*

*Inge and Paris, P.A., by Douglas T. Paris for defendant-appellant.*

WYNN, Judge.

Under North Carolina law, a trial court must grant a mistrial when conduct takes place inside or outside the courtroom which results in substantial and irreparable prejudice to the defendant. *State v. Brown*, 315 N.C. 40, 56, 337 S.E.2d 808, 821 (1985), *cert. denied*, 476 U.S. 1165, 90 L. Ed. 2d 733 (1986), *overruled on other grounds, State v. Vandiver*, 321 N.C. 570, 364 S.E.2d 373 (1988). In this case, Defendant argues that double jeopardy bars retrying him because during his initial trial, District Court Judge Charles E. Brown, upon discovering he had knowledge of the facts of the case, rescheduled his case before another judge. Because we find that

Judge Brown's order was tantamount to a mistrial, we conclude that double jeopardy does not bar Defendant's prosecution.

The underlying facts tend to show that on 18 December 2000, Defendant Barry Thomas Cummings was charged with driving while impaired and careless and reckless driving. On 17 May 2001, the case came for hearing before Judge Charles E. Brown. After the State began presenting evidence, Judge Brown recessed the trial because he "discovered through testimony of a State's witness that [he] was familiar with certain aspects of the case." Judge Brown suggested rescheduling the case for a new trial date and neither attorney objected. Accordingly, Judge Brown rescheduled the trial for 28 June 2001 before District Court Judge William C. Kluttz, Jr.

At the hearing before Judge Kluttz, Defendant made an oral motion to dismiss the charges on double jeopardy grounds. On 26 July 2001, Judge Kluttz denied this motion in open court and entered written findings of fact on 30 October 2001. The trial was rescheduled for 24 September 2001.

The case then came for hearing on 24 September 2001 before District Court Judge Samuel M. Tate. Defendant submitted another motion to dismiss the charges on double jeopardy grounds. Judge Tate, finding that trial of Defendant would violate his constitutional rights, dismissed the charges against him. The State appealed this order to Superior Court.

On 8 April 2002, the case came for a hearing in Superior Court before Judge Larry G. Ford. On 13 May 2002, Judge Ford entered an order reversing Judge Tate's order and remanding the case to the district court for trial. Defendant appealed.

[1] On appeal, Defendant argues that the trial court erred in overturning the district court dismissal of the charges and in concluding as a matter of law that Defendant should not have been allowed to reargue the double jeopardy issue. We disagree.

Under North Carolina law, with the concurrence of the defendant a judge may declare a mistrial at any time during the trial. N.C. Gen. Stat. § 15A-1061 (2004). The trial court must grant a mistrial when conduct takes place inside or outside the courtroom which results in substantial and irreparable prejudice to the defendant. *Brown*, 315 N.C. at 56, 337 S.E.2d at 821. A mistrial was appropriate here as Judge Brown had personal familiarity with aspects of the case that

were not discovered until the State began presenting its evidence. Indeed, Judge Brown, after consulting with both the prosecution and defense counsel, "recess[ed] this trial and reschedule[d] the trial to begin anew[.]" Although Judge Brown did not use the word "mistrial," the order was tantamount to a mistrial. *State v. Lachat*, 317 N.C. 73, 82, 343 S.E.2d 872, 877 (1986) (the principle of double jeopardy "is not violated where a defendant's first trial ends with a mistrial which is declared for a manifest necessity or to serve the ends of public justice.").

Moreover, Defendant made no objection to Judge Brown's order, even though he was presented the opportunity to do so before the order was entered in open court. Since Defendant made no objection to the mistrial order, he waived the objection on appeal. *State v. Odom*, 316 N.C. 306, 310, 341 S.E.2d 332, 334 (1986).

[2] Furthermore, the rule prohibiting one superior court judge from modifying, overruling, or changing the judgment or order of another superior court judge also applies to district court judges. *Shamley v. Shamley*, 117 N.C. App. 175, 183, 455 S.E.2d 435, 439-40 (1994); *Smithwick v. Crutchfield*, 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987); *Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117, *appeal dismissed and disc. review denied*, 303 N.C. 319, 281 S.E.2d 659 (1981). It is settled law that erroneous judgments and orders may be corrected only by appeal. *Id.*

Here, Judge Tate's 24 September 2001 order of dismissal overruled Judge Kluttz's previous order on the same double jeopardy issue. As Judge Tate could not overrule another district court judge's order on the same issue in this action, the superior court did not err when it reversed Judge Tate's order of dismissal. *Shamley*, 117 N.C. App. at 183, 455 S.E.2d at 439-40. And the superior court did not err when it concluded as a matter of law that Defendant "should not have been allowed to reargue the double jeopardy issue[,]" on 24 September 2001.

Defendant's remaining assignments of error were not argued in his brief and no authority was cited, therefore, they are deemed abandoned. N.C. R. App. P. 28(b)(6).

Affirmed.

Judges HUDSON and STEELMAN concur.