ALMA ROSE SPRINKLE SINK, Widow; MARTHA SPRINKLE CONRAD & husband, VIRGIL GRAY CONRAD; ALLENE SPRINKLE HUTCHINSON & husband, JAMES R. HUTCHINSON; HENRY V. SPRINKLE & wife, GLORIA SPRINKLE; RANDOLPH P. WAUGH & wife, BRENDA S. WAUGH; GLORIA WAUGH GRIGGS, Widow; GLENDA SPRINKLE ANDREWS & husband, HENRY ANDREWS; and VICKIE SPRINKLE, Petitioners,
v.
CHARLES E. SPRINKLE, Respondent.
No. COA05-570
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Forsyth County No. 04 SP 1485.
Bailey & Thomas, P.A., by Wesley Bailey; and Wilson & Iseman, L.L.P., by Maria C. Papoulias, for petitioner appellees.
Metcalf & Beal, L.L.P., by Christopher L. Beal, for respondent appellant.
McCULLOUGH, Judge.
Respondent appeals from a superior court order directing the partition by sale of property which he owns as a cotenant. We affirm the trial court's order.

Facts
The present parties are the owners of a tract of land ("the subject property") comprised of approximately seventeen to twenty-four acres and located in Forsyth County, North Carolina. Each petitioner owns either a one-sixth interest or a one-twelfth interest in the subject property. Respondent owns a one-twelfth interest in the subject property. All land which borders the subject property is owned by a petitioner.
On 25 August 2004, petitioners filed for a partition by sale of the subject property. At a hearing before the Forsyth County Clerk of Court, petitioners presented evidence that the subject property would be worth approximately $36,190 to each one-sixth cotenant and approximately $18,095 to each one-twelfth cotenant if it were to be sold. Petitioners' evidence also tended to show that, due to hilly topography and the difficulty of making an actual division, the subject property would be worth approximately $6,000 to each one-sixth cotenant and approximately $3,000 to each one-twelfth cotenant if an in-kind partition were to be ordered.
Respondent presented the testimony of a surveyor who opined that all of the borders of the subject property could not be located with certainty because the description of the property was insufficient. Specifically, respondent's surveyor provided evidence that, as described, the borders to the property did not close and that there was a 117.9-foot gap between the point where the property began and the point at which it ended. A real estate appraiser called by respondent testified that the value of the property could not be determined without a sufficient description. There was no dispute between the parties concerning the identity of the parcel of land which was the subject of petitioners' partition action.
An Assistant Clerk of Superior Court issued an order directing a partition by sale pursuant to section 46-22 of the North Carolina General Statutes. On an appeal by respondent, Superior Court Judge Charles C. Lamm entered an order in which he found that an in-kind partition could not be made without substantial injury to the parties and directed a partition by sale of the subject property. In his order, Judge Lamm adopted the description of the subject property which was set forth in the partition petition, but ordered a survey of the property to be completed. From Judge Lamm's order, respondent now appeals.

Analysis
By three separate arguments on appeal, respondent challenges the sufficiency of the description of the subject property. These arguments lack merit.
Respondent first contends that the trial court erred by adopting the description of the subject property set forth in the partition petition because there was no competent evidence before the court to support such a finding. Our review of the record reveals that the disputed finding is supported by, inter alia, a deed of record containing an identical description and the following testimony from one of the petitioners:
[ATTORNEY]: [Presenting exhibit to witness] Is that a map of the . . . property there?
[WITNESS]: It is, right.
[ATTORNEY]: And do you see the property on there that's [the subject of] the petition . . .?
[WITNESS]: Yes, sir; it's marked number 7.
[ATTORNEY]: And are you familiar with the property described in the petition?
[WITNESS]: Yes, sir.
[ATTORNEY]: Is that the same property?
[WITNESS]: Yes, it is.
Further, in a written answer filed with the Clerk of Superior Court, respondent admitted the allegations contained in paragraph number six of the partition petition, which set forth the petitioners' description of the subject property. Because the challenged finding is supported by competent evidence in the record, it must be affirmed. Shamley v. Shamley, 117 N.C. App. 175, 180, 455 S.E.2d 435, 438 (1994) ("The trial court's findings of fact are conclusive if supported by any competent evidence and judgment supported by such findings will be affirmed, even though there may be evidence to the contrary.").
Respondent next contends that the trial court's order allowing a partition by sale must be reversed because it is premised upon the allegedly erroneous finding which adopts the description of the subject property set forth in the partition petition. Because we have concluded that the trial court's finding concerning the description of the property must be affirmed, its alleged insufficiency cannot serve as the basis for reversing the trial court's order. Id. Respondent's third contention is that the trial court erred by denying his motion to dismiss the partition petition because the description of the subject property contained in the petition failed to comply with the Statute of Frauds. The Statute of Frauds requires contracts for the sale of land to be in writing. N.C. Gen. Stat. § 22-2 (2005). To comply with the Statute of Frauds, a writing must contain "'a description of the lands to be conveyed, [which is] at least sufficiently definite to be aided by parol [evidence].'" Carr v. Good Shepherd Home, 269 N.C. 241, 243, 152 S.E.2d 85, 88 (1967) (citation omitted). By its terms, the Statute of Frauds does not apply to an order requiring the partition of real property by sale; however, even if it did, the order at issue in the instant case would be compliant.
We note that respondent's entire appeal is premised upon confusion between the law concerning conveyances of land and the law concerning a petition to partition land by sale. With respect to conveyances, "[a] deed purporting to convey an interest in land is void unless it contains a description of the land sufficient to identify it or refers to something extrinsic by which the land may be identified with certainty." Overton v. Boyce, 289 N.C. 291, 293, 221 S.E.2d 347, 349 (1976). Though an order directing a partition by sale contemplates an eventual conveyance, the statutory provisions governing partitions by sale do not make a perfect description of the land a prerequisite for a partition order. See N.C. Gen. Stat. § 46-1, et seq. (2005). Indeed, the General Statutes appear to recognize the need to perform a survey following a partition order, and the Clerk or Judge who orders a partition by sale has the authority to order that a survey be conducted prior to the sale of the property. See N.C. Gen. Stat. § 38-4(a) (2005) ("When in any action or special proceeding pending in the superior court the boundaries of lands are drawn in question, the court may, if deemed necessary, order a survey of the lands in dispute . . . ."); N.C. Gen. Stat. § 38-3 (2005) (permitting a survey to be conducted after final judgment and to be entered into the record with the judgment); Dunn v. Dunn, 37 N.C. App. 159, 162, 245 S.E.2d 580, 582 (1978) ("'[I]n this state partition proceedings have been consistently held to be equitable in nature,' and '[t]he statutes are not a strict limitation upon the authority of the court.'") (citation omitted).
Even assuming arguendo that the description of the subject property was imperfect, the trial court was not required to dismiss the partition petition or withhold ruling on the petition until the description of the land was perfected. Rather, the trial court proceeded appropriately by considering whether any problems with the description of the subject property made an in-kind partition preferable and by ordering a survey to be completed.
The assignments of error are overruled.
Affirmed.
Judges HUNTER and GEER concur.
Report per Rule 30(e).