IN THE MATTER OF: J.P., J.C.C.
No. COA09-1222.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Assistant Davidson County Attorney Michael K. Newby, for the State.
No Appellee Brief Filed.

UNPUBLISHED OPINION
BEASLEY, Judge.
Appellant, the Davidson County Department of Social Services, appeals from an order requiring it to pay attorneys' fees for appointed counsel. Because a review of the record reveals that Appellant's actions were sanctionable pursuant to Rule 11 of the North Carolina Rules of Civil Procedure, we remand.
The underlying facts surrounding Appellant's cause of action have been outlined in In re C.S.P., ___ N.C. App. ___, __ S.E.2d __ (Nos. 09-1086, 09-1341, filed 2 March 2010) (unpublished). Most pertinent to the inquiry in this case, the trial court, presided over by Judge April C. Wood, appointed Paris Littlejohn as guardian for minor children J.P. and J.C.C. (minor children) in November 2008. Following a hearing on 13 April 2009, the trial court terminated Littlejohn's guardianship of the minor children. In the order made following the 13 April 2009 hearing, the trial court found that Littlejohn had intentionally defied the court by prohibiting the minor children from visiting their maternal grandparents and attempted to "thwart" the existing relationship between the maternal grandmother and the minor children. The trial court further found that as long as the minor children remained in Littlejohn's custody, conflict between the maternal grandmother and Littlejohn would continue. Accordingly, the trial court concluded that "[Littlejohn] has neglected her duties as guardian of the minor children . . . and is no longer fit to act as guardian [and t]hat the best interests of the minor children would best be served by dissolving the guardianship of [Littlejohn] as it pertains to the minor children . . . ." The trial court awarded guardianship to the maternal grandparents of the minor children.
On 17 April 2009, a social worker for Appellant, Anyel Wright[1] filed a motion on Littlejohn's behalf seeking to review the order removing Littlejohn as guardian of the minor children. In the motion Wright requested a "review of the matter of visitation for Paris Littlejohn . . . and further for the court to allow a motion for Paris Littlejohn to intervene as a party and for the court to consider the appointment of a court appointed attorney for Ms. Littlejohn." On 23 April 2009, Judge Wayne L. Michael continued the matter until 11 May 2009.
However, later on 23 April 2009, but after the case was continued, Appellant's counsel sought court appointed counsel for Littlejohn. Because the matter had already been continued until 11 May 2009, attorneys for the maternal grandparents and the Respondent mother were not present for the hearing. At the hearing Appellant's counsel failed to inform the trial court that Littlejohn's guardianship had been terminated at a hearing on 13 April 2009 and that Littlejohn had been denied the appointment of counsel in 2008. Following the hearing Judge Michael entered an order appointing counsel for Littlejohn.
The maternal grandparents, through counsel, filed several motions seeking to dismiss Littlejohn's pending action. Following a hearing on 11 May 2009, the trial court, with Judge April C. Wood presiding, concluded that "the Order entered . . . on April 23, 2009, allowing Ms. Paris Littlejohn to intervene as a party to this action, as well as appointing counsel to represent Ms. Littlejohn was entered in error and should be vacated and set aside."[2]
The trial court also found that:
19. [T]he Court played the tape of the April 23, 2009, hearing in open court today and is concerned that Mr. Newby prepared an inaccurate order which he submitted to counsel and stated he was going to submit to the Court. The Honorable Wayne L. Michael did not make Ms. Littlejohn a party to the action, nor was that issue discussed in Court on April 23, 2009.
20. The Order of appointment of counsel entered by the Honorable Wayne L. Michael was entered in error due to the misinformation relayed to Judge Michael by Attorney Newby in the courtroom but without all parties being present.
21. Ms. Littlejohn had previously been denied court appointed counsel in 2008.
22. Ms. Littlejohn was not entitled to court appointed counsel as she was not a party to the action, was not a guardian of the minor children when the action was filed, and was no longer the guardian of the minor children when the motion was made. (emphasis added).
Accordingly, the trial court concluded that counsel appointed to represent Littlejohn in the action "is entitled to an award of [attorney's fees] for the services rendered thus far in this matter as a result of his being appointed as counsel for . . . Littlejohn[,] [and] [t]hat the Department of Social Services should be held financially responsible for [the] . . . attorney's fees.[3]" Appellant filed notice of appeal on 24 July 2009.
In its sole assignment of error, Appellant contends that the trial court erroneously required it to pay the attorneys' fees of a court appointed attorney. We disagree.
A trial court's decision to impose Rule 11 sanctions is subject to de novo review on appeal. Turner v. Duke University, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).
In the de novo review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence.
Id. In contrast, the appropriateness of the particular sanction imposed by a court will be reviewed for an abuse of discretion. Id.
"[O]rdinarily attorney[s'] fees are not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them." Records v. Tape Corp. and Broadcasting System v. Tape Corp., 18 N.C. App. 183, 187, 196 S.E.2d 598, 602 (1973) (citation omitted); see also Alston v. Federal Exp. Corp., ___ N.C. App. ___, ___, 684 S.E.2d 705, 707 (2009). In some circumstances a party can be sanctioned for attorneys' fees pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. Rule 11 provides in pertinent part:
The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
N.C. Gen. Stat. § 1A-1, Rule 11(a) (2009).
Essentially, to avoid sanctions, the pleadings, motions or papers signed by a party or counsel must be: 1) legally sufficient, 2) factually sufficient, and 3) filed for a proper purpose. Golds v. Central Express, Inc., 142 N.C. App. 664, 668, 544 S.E.2d 23, 27 (2001). "A violation of any one of these requirements mandates the imposition of sanctions under Rule 11." Dodd v. Steele, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365 (1994) (citation omitted).
When assessing the factual sufficiency of a complaint, a court must determine whether the plaintiff made a reasonable inquiry into the underlying facts and after reviewing the results of that inquiry, the plaintiff reasonably believed that his position was well-grounded in fact. Page v. Roscoe, LLC, 128 N.C. App. 678, 681-82, 497 S.E.2d 422, 425 (1998). The reasonableness of the plaintiff's inquiry and subsequent belief is based on an objective standard. Higgins v. Patton, 102 N.C. App. 301, 306-07, 401 S.E.2d 854, 857 (1991), overruled on other grounds by Bryson v. Sullivan, 330 N.C. 644, 412 S.E.2d 327 (1992).
A thorough review of the record in this case reveals that a reasonable party acting in the Appellant's position would not have believed that Littlejohn was entitled to appointed counsel. In fact, the trial court found that the Appellant provided "misinformation" to the court in support of its request for appointed counsel for Littlejohn. Though not directly applicable to this case, we find persuasive the statutory authority allowing for the award of attorneys' fees when a party files a complaint lacking any factually justiciable issue. N.C. Gen. Stat. § 6-21.5 (2009) allows, in particular cases, attorneys' fees to be awarded to a prevailing party "if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." Id. Defining a justiciable issue our Supreme Court has explained that "[a] justiciable issue has been defined as an issue that is real and present as opposed to imagined or fanciful." Sunamerica Financial Corp. v. Bonham, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991) (quotation marks and citations omitted). The statute is violated when "the losing party persist[s] in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." Id. at 258, 400 S.E.2d at 438.
On 17 April 2009, Wright, who is a social worker and not a licensed attorney, filed and signed a motion for review requesting, in relevant part, that the trial court "consider the appointment of a court appointed attorney for Ms. Littlejohn." However, in the portion of the motion for review requesting the movant to include the "facts and circumstances indicating need for review," Wright failed to inform the trial court that Littlejohn had previously been denied the appointment of counsel in 2008, that Littlejohn's guardianship of the minor children had been terminated, and that Littlejohn was no longer a guardian at the time the motion was filed. Later, despite being aware of Littlejohn's guardianship status, Appellant's counsel once again failed to inform the trial court of Littlejohn's status as a former guardian for the minor children. Based on this misinformation or fallacy, the trial court erroneously appointed counsel for Littlejohn. Before counsel for Littlejohn could be removed, he had already begun working on the "procedural issues" but not the "substantive issues" of her case. After a thorough review of the record, it becomes apparent that Appellant never formed a reasonable belief that Littlejohn was entitled to appointed counsel.
While the trial court failed to make the appropriate findings of fact and conclusions of law to sustain Rule 11 sanctions, remand to the trial court is necessary because the record reflects that Appellant did indeed participate in sanctionable behavior and that "an appropriate sanction" is warranted. See Krantz v. Owens, 168 N.C. App. 384, 390, 607 S.E.2d 337, 342 (2005). On remand the trial court should make findings of fact and conclusions of law as to factual insufficiency. Moreover, additional findings and conclusions as to the amount of the attorney's fees and the appropriateness of the amount awarded are required. See Dunn v. Canoy, 180 N.C. App. 30, 49, 636 S.E.2d 243, 255 (2006) ("A trial court, in making an award of attorneys' fees, must explain why the particular award is appropriate and how the court arrived at the particular amount.").
Remand.
Judge JACKSON concurs.
Chief Judge MARTIN concurs in separate opinion.
Report per Rule 30(e).
NOTES
[1] By motion, counsel for the maternal grandparents argued that the filing of the motion to review by Anyel Wright was the unauthorized practice of law. However, because this issue was not addressed in the trial court's order, or raised in appellant's brief, we decline to address this issue on appeal.
[2] Typically, one district court judge may not overrule, modify, or change an order entered by another judge and any errors can only be corrected on appeal. State v. Cummings, 169 N.C. App. 249, 251, 609 S.E.2d 423, 425 (2005). However, because Appellant failed to raise this issue in its brief, any errors that arose as a result of this argument are waived on appeal. N.C. R. App. P. 10(b)(1).
[3] By motion, counsel for the minor childrens' maternal grandparents sought sanctions for attorneys' fees. However, this issue was not addressed in the trial court's order and was not raised in the appeal before this court.