ANNE LOUISE SHANER, Plaintiff v. CLIFFORD JOHN SHANER, (aka JACK SHANER), Defendant

No. COA11-345

(Filed 18 October 2011)

**Jurisdiction—personal jurisdiction—insufficient minimum contacts**

The trial court erred in a divorce case by concluding that minimum contacts between defendant and North Carolina were sufficient to permit the exercise of personal jurisdiction over defendant by the State's courts.

Appeal by Defendant from order entered 26 October 2010 by Judge L. Dale Graham in Iredell County District Court. Heard in the Court of Appeals 14 September 2011.

*David W. Minor for Plaintiff.*

*Patricia L. Riddick for Defendant.*

STEPHENS, Judge.

*Procedural and Factual Background*

This appeal arises from a divorce proceeding. Plaintiff Anne Louise Shaner and Defendant Clifford John Shaner were married 13 April 1968 in Cuba, New York. They lived continuously together as husband and wife for almost forty-one years. In December 2003, Plaintiff and Defendant moved together to Mooresville, in Iredell County, North Carolina, near where their three adult children were residing. Defendant lived in Mooresville with his wife from December 2003 to March 2004. In March 2004, Defendant returned to New York where the parties continued to own real property. After Defendant's departure, Plaintiff purchased a home in Statesville, North Carolina. Plaintiff returned to New York and resided with Defendant for periods of approximately six months several times between 2004 and 2007. The couple formally separated on 12 November 2007.

On 17 November 2009, Plaintiff filed a complaint for post-separation support, alimony, absolute divorce, equitable distribution, interim allocation of marital property, and attorney's fees in Iredell County (file No. 08 CVD 3665). Defendant answered, moving the court to dismiss for lack of personal and subject matter jurisdiction, and failure to state a claim upon which relief could be granted pur-

suant to Rule 12(b)(6). By order entered 8 October 2009, the trial court denied Defendant's Rule 12(b)(6) motion and found that, while the court had subject matter jurisdiction based on Plaintiff's residency in Iredell County, it lacked personal jurisdiction over Defendant due to improper service of summons. On 9 April 2010, Plaintiff filed a new complaint seeking the same relief. On 18 August 2010, Defendant again filed a motion to dismiss for lack of personal jurisdiction, this time arguing that he lacked sufficient minimum contacts with North Carolina under the relevant long-arm statute. On 26 October 2010, the trial court denied the motion, concluding that the court had personal jurisdiction over Defendant. Defendant appeals.[1]

## Discussion

Defendant argues that the trial court's findings of fact[2] do not support its conclusion that the "[m]inimum contacts between [] Defendant and the State of North Carolina are sufficient to" permit the exercise of personal jurisdiction over Defendant by this State's courts. We agree.

"The burden is upon the plaintiff to establish by a preponderance of the evidence that personal jurisdiction exists." *Sherlock v. Sherlock*, 143 N.C. App. 300, 301, 545 S.E.2d 757, 759 (2001). When its exercise of personal jurisdiction over a non-resident is challenged, the trial court must undertake a two-pronged inquiry. *Banc of Am. Secs., LLC v. Evergreen Int'l Aviation, Inc.*, 169 N.C. App. 690, 693, 611 S.E.2d 179, 182 (2005). First, the court must determine whether the controversy falls within the language of the relevant long-arm statute. *Id.* Second, the exercise of jurisdiction must not violate the due process clause of the Fourteenth Amendment to the United States Constitution. *Id.* Because Defendant does not dispute the

1. While this appeal is interlocutory, there is a right of immediate appeal from an adverse ruling as to *in personam* jurisdiction under N.C. Gen. Stat. § 1-277(b). *Love v. Moore*, 305 N.C. 575, 581, 291 S.E.2d 141, 144 (1982). Thus, Defendant's appeal is properly before this Court.

2. As noted by Defendant, findings of fact 5 and 6 state that Defendant lived with Plaintiff in Mooresville for four months, beginning in December 2004 and ending in March 2005, while the undisputed evidence indicates that the correct dates were December 2003 and March 2004. However, this clerical error has no impact on our minimum contacts analysis and, in light of our reversal of the order, Defendant's argument on this point is moot.

3. In unchallenged finding of fact 3, the court cites section 1-75.4(1)(d), which provides that the courts of this State have personal jurisdiction over a party properly served pursuant to Rule 4(j), (j1), or (j3) of the Rules of Civil Procedure if that party has "engaged in substantial activity within this State[.]" N.C. Gen. Stat. § 1-75.4(1)(d) (2009).

applicability of North Carolina's long-arm statute,[3] we consider only whether the trial court's exercise of jurisdiction over Defendant comports with due process.

> To satisfy the requirements of the due process clause, there must exist certain minimum contacts between the non-resident defendant and the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. . . . [I]n each case, there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws . . . . [T]he relationship between the defendant and the forum must be such that he should reasonably anticipate being haled into court there.

*Id.* at 695-96, 611 S.E.2d at 184 (internal quotation marks, brackets and citations omitted).

Our courts consider the following factors to determine the existence of minimum contacts between a party and this State:

> (1) the quantity of the contacts; (2) nature and quality of the contacts; (3) the source and connection of the cause of action to the contacts; (4) the interest of the forum state; (5) convenience of the parties . . . . The Court must also weigh and consider the interests of and fairness to the parties involved in the litigation.

*Filmar Racing, Inc. v. Stewart*, 141 N.C. App. 668, 672, 541 S.E.2d 733, 737 (2001). "Whether a defendant's activities satisfy due process depends upon the facts of each case." *Id.*

For example, in *Sherlock*, we concluded that a party had minimum contacts with North Carolina where he had married and purchased real property in the State, used a North Carolina address for important mail such as tax documents, had his paycheck directly deposited in a North Carolina bank, and held a North Carolina driver's license for several years. 143 N.C. App. at 305, 545 S.E.2d at 761. This Court upheld the trial court's conclusion that the defendant had established minimum contacts because

> the record sufficiently establishes that the defendant availed himself of the privilege of conducting activities within [North Carolina], thus invoking the benefits and protections of its laws. We find that the defendant intentionally developed an assortment of financial, legal, and personal connections within North

Carolina. These endeavors were sustained over a period of years, and appear intended to inure to his benefit.

*Id.* at 305, 545 S.E.2d at 762 (internal quotation marks and citation omitted). We contrasted Mr. Sherlock's contacts with the State to the facts of other cases, including *Shamley v. Shamley*, 117 N.C. App. 175, 455 S.E.2d 435 (1994). In *Shamley*, the defendant did not work or purchase real property in this State and her "only voluntary contacts with North Carolina were [] a brief visit [to look] at houses with [the plaintiff] and another visit in which she purchased an automobile." *Id.* at 182, 455 S.E.2d at 439. We found that the "defendant could not, on the basis of these contacts, reasonably anticipate being haled into court here." *Id.*

Here, only findings of fact 5 and 6 touch on factors relevant to a minimum contacts analysis. In finding 5, the court found that Defendant "came to North Carolina . . . and began living in Mooresville" for a period of four months. In finding 6, the court found Defendant made only brief visits to the State thereafter. Defendant's limited contacts with North Carolina are more analogous to those in *Shamley* than those in *Sherlock*. Because Defendant could not reasonably anticipate being haled into court on the basis of these contacts, the trial court's exercise of personal jurisdiction over Defendant would violate his due process rights. Accordingly, the order of the trial court is

REVERSED.

Judges ERVIN and BEASLEY concur.